**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Docket No. 1:23-cr-00224 |
| | ) | |
| v. | ) | ELECTRONICALLY FILED |
| | ) | |
| JONATHAN JOSEPH COPELAND, | ) | The Honorable Dabney L. Friedrich |
| | ) | |
| Defendant. | ) | |

**MOTION FOR DISCOVERY WITH CITATION OF AUTHORITY**

AND NOW, comes Defendant, Jonathan Joseph Copeland (hereinafter "Mr. Copeland"), by and through his counsel, Komron Jon Maknoon, Esquire, and files this Motion for Discovery pursuant to Fed.R.Crim.P. 12(d)(2), 16(a), and 26.2, as well as pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and all other applicable rules and statutes, and in support thereof avers as follows:

1. On November 21, 2022, undersigned counsel respectfully entered his appearance on behalf of Mr. Copeland (*See* ECF Doc. No. 16).

2. On July 12, 2023, Mr. Copeland was indicted for an alleged violations of 18 U.S.C. § 231(a)(3) – Civil Disorder, 18 U.S.C. §§ 111(a)(1) and (b) – Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, 18 U.S.C. § 1752(a)(1) and (b)(1)(A) – Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 18 U.S.C. § 1752(a)(2) and (b)(1)(A) – Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 18 U.S.C. § 1752(a)(4) and (b)(1)(A) – Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 40 U.S.C. § 5104(e)(2)(D) – Disorderly Conduct in a Capital Building, 40 U.S.C. § 5104(e)(2)(F) – Act of Physical Violence in the Capitol Grounds or Buildings, and §40 U.S.C. § 5104(e)(2)(G) – Parading, Demonstrating, or Picketing in a Capital Building (*See* ECF Doc. No. 29).

1

3. Mr. Copeland has received some Local Rule 16.1 material.

4. Based on the authorities previously cited, as well as the authorities to follow, Mr. Copeland requests pretrial discovery of the following

    a. <u>Documents and Materials</u> – The Defendant requests and is entitled to any and all documents and materials relating to each individual count of the indictment which the Government intends to offer in its case in chief or that would be material to the preparation of the defense or that was obtained from the Defendant. *See* Fed.R.Crim.P. 16(a)(1) et seq.

    b. <u>The Defendant's Statements</u> – Under Fed.R.Crim.P. 16(a)(1)(A), the Defendant requests and is entitled to disclosure of all copies of any written or recorded statements made by the Defendant; the substance of any statements made by the Defendant that the Government intends to offer in evidence at trial; any response by the Defendant to interrogation; the substance of any oral statements that the Government intends to introduce at trial, and any written summaries of the Defendant's oral statements contained in the handwritten notes of any Government agent; any response to any Miranda warning that may have been given to the Defendant. *U.S. v. McElroy*, 697 F.2d 459 (2d Cir. 1982)); *Clewis v. Texas*, 386 U.S. 707, 712, n. 8 (1967); *United States v. Curry*, 278 F.Supp. 508, 514 (N.D. Ill. 1967); any other statements by the Defendant that are discoverable under Fed.Crim.P. 16(a)(1)(A); any and all written statements of Defendant made to persons who are not government agents. *United States v. Caldwell*, 543 F.2d 1333 (D.C. Cir. 1974) *cert. denied* 423 U.S. 1087 (1976); any and all coconspirators statements which the Government intends to introduce at

2

   trial where these statements would be attributable to Defendant under Fed.R.Evid. 801(d)(2)(E), *United States v. Agnello*, 367 F.Supp. 444, 448 (E.D.N.Y. 1973); *United States v. Mays*, 460 F.Supp. 573, 581 (E.D. Tex. 1978);

c. <u>Arrest Reports, Notes and Dispatch Tapes</u> – The Defendant also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, be turned over.  This request includes, but is not limited to, any rough notes, records, reports, videos, transcripts or other documents in which statements of the Defendant or any other discoverable material is contained.  This is all discoverable under Fed.R.Crim.P. 16(a)(1)(A) and *Brady v. Maryland*, 373 U.S. 83 (1963).  *See also Louz v. U.S.*, 389 F.2d 911 (9th Cir. 1968); *U.S. v. Johnson*, 525 F.2d 999 (2d Cir. 1975); *U.S. v. Lewis*, 511 F.2d 798 (D.C.Cir. 1975); *U.S. v. Pilnick*, 267 F.Supp. 791 (S.D.N.Y. 1967).

d. Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports about the Defendant are available under Fed.R.Crim.P. 16(a)(1)(B) and (C), Fed.R.Crim.P. 26.2 and 12(i).  Preservation of rough notes is specifically requested, whether or not the Government deems them discoverable at this time;

e. <u>Prior Criminal Records</u> – The Defendant requests that the Government provide a copy of the Defendant's prior criminal record, as within possession, custody or control of the Government *See* Fed.R.Crim.P. 16(a)(1)(B); In addition, the Defendant requests the criminal records, if any, of any co-defendants and co-conspirators whether they be charged in the

3

      present indictment or not; *United States v. Curry*, 278 F.Supp. 508 (N.D. Ill. 1967);

f. <u>Brady Material</u> – The Defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the Defendant on the issue of guilt and/or which affects the credibility of the Government's case. Impeachment as well as exculpatory evidence falls within *Brady*'s definition of evidence favorable to the accused. *U.S. v. Bagley*, 473 U.S. 667 (1985); *U.S. v. Agurs*, 427 U.S. 97 (1976);

g. <u>Evidence Seized</u> – The Defendant requests any evidence seized because of any search, either warrantless or with a warrant, as discoverable under Fed.R.Crim.P. 16(a)(1)(C);

h. <u>Request for Preservation of Evidence</u> – The Defendant specifically requests that all videotapes, dispatch tapes, or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the Government and which relate to the arrest or the events leading to the arrest in this case be preserved;

i. <u>Tangible Objects</u> – The Defendant requests, under Fed.R.Crim.P. 16(a)(2)(C), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including alleged contraband, photographs, books, papers, documents, buildings, automobiles, or places, or copies, depictions, or portions thereof which are material to the defense or intended for use in the Government's case-in-chief, or were obtained for or belong to the Defendant;

> **Commented [KM1]:** Is this where you add the undercover or working officers, agents, military, government agencies, etc.
>
> **Commented [KM2R1]:** Oh - I see it down below. I highlighted the key section. We want every form of government, capital police, metropolitan police, state police - so I guess law enforcement would cover that all, contractors, under cover informants, groups like Antifa that acted as informants, identifiable groups that would be considered provocateurs, blah blah, blah - think of identify everybody. THEN - thnk of a way to say present, interacting, partaking, directing individuals to enter the capital - cross the barriors of private property (the restriced area), every phase to cover it all. Maybe make a a, b, c, for identity of groups and participation. Make sure the case law covers our reasons - identify the reasons for case law - entrapment, what you had, etc. this is our key fight.

j. <u>Information Regarding Informants and Cooperating Witnesses</u> – The Defendant requests that the Government provide all relevant information concerning any informants or cooperating witnesses involved in this case. At a minimum, the Government is obligated to disclose the identity and location of any informants or cooperating witnesses, as well as the identity and location of any other percipient witnesses unknown to the Defendant. *Roviaro v. U.S.*, 353 U.S. 53 (1957);

k. <u>Evidence of Bias or Motive to Lie</u> – The Defendant requests any evidence that any prospective Government witness is biased or prejudiced against the Defendant or has a motive to falsify or distort his or her testimony. *U.S. v. Strifler*, 851 F.2d 1197 (9th Cir. 1988);

l. <u>Impeachment Evidence</u> – The Defendant requests any evidence that any prospective Government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the Defendant. *See* Fed.R.Evid. 608, 609 and 613. Such evidence is discoverable under *Brady*, 373 U.S. at 83. *U.S. v. Strifler*, 851 F.2d 1197 (9th Cir. 1988)(witness's prior record), *Thomas v. U.S.*, 343 F.2d 49 (9th Cir. 1965)(evidence that detracts from a witness' credibility); Any and all prior contrary statements given by a prosecution witness, *Giles v. Maryland*, 386 U.S. 66 (1967); Any and all specific evidence which detracts from the credibility or probative value of testimony or evidence intended to be used by the prosecution, *see Thomas v. United States*, 343 F.2d 49 (9th Cir. 1965); *United States v. McCrane*, 537 F.2d 906 (3d Cir. 1975) *reaffirmed on remand*, 547 F.2d 204 (3rd Cir. 1976); *United States ex*

5

    *rel. v. Marzeno v. Gengler*, 574 F.2d 730 (3d Cir. 1978). These materials include but are not limited to:

- A copy of any agreement to cooperate with the government;
- The amount of money paid to the informant for information and expenses;
- Internal memoranda prepared by any agent documenting any informant misconduct or deactivation known as "blacklisting"; and
- Informant conduct agreements;

m. <u>Evidence of Criminal Investigation of Any Government Witness</u> – The Defendant requests any evidence that any prospective witness is under investigation by federal, state, or local authorities for any criminal conduct. *U.S. v. Chitty*, 760 F.2d 425 (2d Cir. 1985);

n. <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u> – The Defendant requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, any evidence that a witness has ever used narcotics or other controlled substances, or has ever been an alcoholic or any other evidence showing lack of competency or impartiality. *Giglio v. United States, supra*; *United States v. Fowler*, 465 F.2d 64 (D.C. Cir. 1972); *U.S. v. Strifler*, 851 F.2d 197 (9th Cir. 1988); *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980);

o. <u>Government Witnesses</u> – The Defendant requests a list of all the Government witnesses who are anticipated or who might be called at trial;

*United States v. Richter*, 488 F.2d 170 (9th Cir. 1973); *see also United States v. Addinizio*, 451 F.2d 49 (3d Cir. 1971) *rehearing denied* 404 U.S. 1048 (1972); *United States v. McCrane, supra*;

p. <u>Names of Witnesses Favorable to the Defendant</u> - The Defendant requests that names and addresses of any witnesses who have made an arguably favorable statement concerning the Defendant, including negative exculpatory statements (statements of informed witnesses that do not mention the Defendant) or are otherwise favorable to the defense. *Jackson v. Wainwright*, 390 F.2d 299 (5th Cir. 1968); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980); *Jones v. Jago*, 575 F.2d 1164 (6th Cir. 1978) *cert. denied*, 439 U.S. 833 (1978); *Hudson v. Blackburn*, 601 F.2d 785 (5th Cir. 1979); *United States v. Wilkins*, 326 F.2d 135 (2d Cir. 1964);

q. <u>Statements Relevant to the Defense</u> – The Defendant requests disclosure of any relevant written, oral, or recorded statements made by the defendant regardless of whether the Government intends them for use as substantive evidence. *United States v. Boffa*, 513 F. Supp. 444, 503 (D. Del. 1980). This includes any statements by percipient witnesses.

r. <u>Jencks Act Material</u> – The defense requests all material to which Defendant is entitled pursuant to the *Jencks Act*, 18 U.S.C. §3500, and Fed.R. Crim.P. 26.2. The Defendant specifically requests pretrial production of these statements so that the Court may avoid unnecessary recesses and delays for defense counsel to properly use any *Jencks* statements and prepare for cross-examination;

7

s.  *Giglio* Information – The Defendant requests all statements and/or promises of immunity or favorable treatment, express or implied, made to any Government witnesses, in exchange for their testimony in this case, and all other information that could arguably be used for the impeachment of any Government witnesses. *Giglio v. United States*, 405 U.S. 150 (1972) and *United States v. McCrane,* 537 F.2d 906 (3d Cir. 1975) *reaffirmed on remand*, 547 F.2d 204 (3d Cir. 1976);

t.  <u>Government Examination of Law Enforcement Personnel Files</u> – The Defendant requests that the Government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the Government, for all testifying witnesses, including testifying officers and agents. The Defendant requests these files be reviewed by the Government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under *U.S. v. Henthorn*, 931 F.2d 29 (9th Cir. 1991); *U.S. v. Jennings*, 960 F.2d 1488, 1492 (9th Cir. 1992);

u.  <u>Expert Witnesses</u> – Pursuant to Fed.R.Crim.P. 16(a)(1)(E), the Defendant requests disclosure of the identities, qualification, and testimony of any expert witnesses the Government intends to call at trial.

v.  <u>Information and Documentation Related to Unidentified Agents</u> – The Defendant requests the disclosure of the identities of and any information or documentation relating to undercover and unidentified Central Intelligence Agency (CIA) agents, United States Military Personnel, or

8

other government contractors who may have facilitated the provocation of the Defendant's alleged actions.[1] This includes under cover informants, groups such as Antifa, Prod Boys, and members of the Federal Bureau of Investigation (FBI) which acted as informants, and other identifiable groups that would be considered provocateurs. Here, the term "provocateur" means a person who facilitated the provocation of the Defendant's alleged actions by interacting with the Defendant, partaking in the same alleged actions of the Defendant, or directing the Defendant and other individuals to enter the Capitol Building or cross the barrios of private/restricted property. Additionally, this includes any evidence of foreknowledge among government or intelligence personnel regarding the events of January 6, 2021, and their subsequent concealment by neglecting to share the information with relevant parties.[2] The Defendant requests this information and documentation because this information will contribute to the Defendant's understanding of the governmental investigative process. *See Brown v. United States EPA*, 384 F. Supp. 2d 271 (D.D.C. 2005); *Mack v.*

---

[1] This issue was addressed by Defendant William Alexander Pope in *United States of America v. William Alexander* Pope, Case No. 1:21-cr-00128 in his Motion to Compel (*See* ECF Doc. No. 139). Counsel for Mr. Pope stated that in *United States v. Nordean*, 21-cr-000175, ECF No. 734 at 2, "counsel for Dominic Pezzola noted, 'On Friday, March 31, federal prosecutors pulled defense counsel aside and disclosed there were undercover officers belonging to Metro PD among defendants on Jan. 6'" and that "On March 31, 2023, during trial, the government finally disclosed that there were 'previously undisclosed text messages between the undercover officers and Proud Boy supports' (734 at 3)".

[2] In the interview between ex-Capitol Police Chief Steven Sund and former Fox News host Tucker Carlson, Sund revealed his belief that officials were aware of the January 6, 2021, events before they happened and covered it up by failing to produce information to those who needed it. https://www.newsweek.com/ex-capitol-police-chief-sounds-alarm-jan-6-cover-1817365.

*Dep't of Navy*, 259 F. Supp. 2d 99, 108 (D.D.C. 2003); *Oguaju v. United States*, 351 U.S. App. D.C. 195, 288 F.3d 448, 450 (D.C. Cir. 2002).

w. <mark>Information and Documentation Related to D.C. Metropolitan Police Department Undercover Operations</mark> - The Defendant requests the disclosure of everything related to D.C. Metropolitan Police Department (MPD) undercover operations.[3]

- All unredacted material provided by MPD to the government including:
    - All Electronic Surveillance Unit (ESU) video recordings and photographs related to First Amendment activities made between November 13, 2020, and January 7, 2021.
    - All ESU Investigative File Reports related to First Amendment Activities that occurred between November 13, 2020, and January 7, 2021.
    - All emails and other communications from individuals assigned to MPD ESU, MPD Internal Affairs, or the MPD Office of General Counsel relating to January 6, 2021, December 11 and 12, 2020, November 14, 2020, or concerns about actions taken by ESU officers at First Amendment gatherings.

---

[3] On August 21, 2023, Defendant William Pope in *United States of America v. William Alexander* Pope, Case No. 1:21-cr-00128 addressed in his Motion to Compel (*See* ECF Doc. N0. 139) the government's intentional withholding of relevant and exculpatory materials from discovery including missing undercover police video and issues with bodycam recordings.

- - o All audio recordings of MPD Internal Affairs interviews of ESU officers.
    o All unredacted MPD Internal Affairs summaries of ESU officer interviews.
    o All communications between any other MPD officers and Mr. Copeland.
  - All unaltered police body camera recordings from January 6, 2021.
  - Reports on all body worn cameras that malfunctioned on January 6, 2021.
  - Reports on all body worn cameras that were lost or stolen on January 6, 2021.
  - Reports on all officers who were investigated by MPD Internal Affairs for not activating their body worn cameras during the events of January 6, 2021.

The Defendant requests this information and documentation because undercover police can influence a crowd as they are presumed by others to be peers. In *United States v. Nordean*, 21-cr-000175, information relating to MPD undercover operations was deemed relevant. This case relates to the first entry into the Capitol, which set off a sequence of events that affects the case at hand.

WHEREFORE, Defendant, Mr. Copeland, respectfully requests that this Honorable Court enter an Order directing the attorney for the Government to turn over to the Defendant all the

information which the Defendant has requested, as well as any and all information that could be deemed exculpatory within the authorities previously cited.

Respectfully submitted,

*s/ Komron Jon Maknoon*
Komron Jon Maknoon, Esquire
PA I.D. No. 90466
MAKNOON & ASSOCIATES, LLC
438 Division St.
Sewickley, PA 15143
(412) 201-1802
(412) 774-8424
kjm@maknoon-law.com

Attorney for Defendant, Jonathan Copeland