**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| UNITED STATES OF AMERICA, |
| v. |
| JONATHAN JOSEPH COPELAND, |
| |
| *Defendant.* |

No. 23-cr-224 (DLF)

## **PROPOSED JURY INSTRUCTIONS**

You have now heard all of the evidence in the case. Before you begin your deliberations, I am going to instruct you on the law. I will start with some general rules of law and then talk about the specific charges alleged here and some of the specific issues in this case. Some of these rules will repeat what I told you in my preliminary instructions.

**Instruction No. 1: Furnishing the Jury with a Copy of the Instructions**

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

**Instruction No. 2: Function of the Court**

As I explained at the beginning of the trial, my function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. Again, you should consider all of the instructions as a whole. You may not ignore or refuse to follow any of them.

**Instruction No. 3: Function of the Jury**

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it was my responsibility to decide what was admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely based on a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

**Instruction No. 4: Jury's Recollection Controls**

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

**Instruction No. 5: Notetaking by Jurors**

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notebooks with you into the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.

**Instruction No. 6: Evidence in the Case**

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, and the facts stipulated to by the parties.

During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts. You should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

**Instruction No. 7: Statements of Counsel**

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

**Instruction No. 8: Indictment Not Evidence**

The indictment is merely the formal way of accusing a person of a crime. You must not consider the indictment as evidence of any kind—you may not consider it as any evidence of the defendant's guilt or draw any inference of guilt from it.

**Instruction No. 9: Burden of Proof**

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require the defendant to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of the offenses with which the defendant is charged, it is your duty to find him guilty those offenses. On the other hand, if you find that the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find the defendant not guilty of that offense.

**Instruction No. 10: Reasonable Doubt**

As I've explained, the government has the burden of proving the defendant guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. But in criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

**Instruction No. 11: Direct and Circumstantial Evidence**

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both.

Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

**Instruction No. 12: Nature of Charges Not to be Considered**

You must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

**Instruction No. 13: Number of Witnesses**

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

**Instruction No. 14: Inadmissible and Stricken Evidence**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party he or she represents. It is the lawyer's responsibility to object to evidence that he or she believes is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been.

**Instruction No. 15: Credibility of Witnesses**

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

As I've said already, you are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including any circumstances that would impair or improve the witness's ability to remember the event, the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any inconsistencies or discrepancies between what the witness says now and what the witness may have previously said. You may also consider any inconsistencies between the witness's testimony and any other evidence that you credit such as the

testimony of another witness. You should consider whether any inconsistencies are the result of different individuals seeing, hearing, or recollecting things differently, are the result of actual forgetfulness, are the result of innocent mistakes, or are the result of intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

**Instruction No. 16: Police Officer's Testimony**

In this case, you have heard testimony from a number of law enforcement officers.  A police officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a police officer.

**Instruction No. 17: Defendant's Right Not to Testify**

Every defendant in a criminal case has an absolute right not to testify. The defendant has chosen to exercise this right in this case. You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision. You must not assume the defendant is guilty because he chose not to testify.

**Instruction No. 18: Proof of State of Mind**

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done or omitted by the defendant, and all other facts and circumstances received in evidence which indicate his intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or intentionally did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

**Instruction No. 19: Multiple Counts – One Defendant**

Each count of the indictment charges a separate offense. You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count unless I instruct you to do otherwise. The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment.

At any time during your deliberations you may return your verdict of guilty or not guilty with respect to any count.

## ELEMENTS OF THE CHARGED OFFENSES

**Instruction No. 20: Counts 1 and 3, Obstructing Officers During a Civil Disorder**
18 U.S.C. § 231(a)(3)

Counts One and Three of the Indictment Charge the defendant with committing or attempting to commit an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to and during a civil disorder, which is a violation of federal law.

I will first explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether the defendant attempted to commit the offense.

Elements

In order to find the defendant guilty of obstructing law enforcement during a civil disorder, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant knowingly committed an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

Second, at the time of the defendant's act, the law enforcement officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

Definitions

The terms **"obstruct**,**" "impede**,**" and "interfere with"** carry their everyday, ordinary meanings.

The term **"civil disorder"** means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term **"commerce"** means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia.  It also means commerce wholly within the District of Columbia.

The term **"law enforcement officer"** means any officer or employee of the United States, any State, or the District of Columbia while engaged in the enforcement or prosecution of any criminal laws of the United States, a State, or the District of Columbia.

The term **"federally protected function"** means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.

The term **"department"** includes one of the departments of the executive branch (such as the Department of Homeland Security, which includes the United States Secret Service) or the legislative branch.

The term **"agency"** includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.

The term **"instrumentality"** includes any other formal entity through which the government operates, such as Congress or the United States Capitol Police.

For the U.S. Capitol Police on January 6, 2021, the term **"official duties"** means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.

A person acts **"knowingly"** if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.

<u>Attempt</u>

In Counts One and Three, the defendant is also charged with attempt to obstruct law enforcement during a civil disorder.  An attempt to commit obstruction of law enforcement during a civil disorder is a crime even if the defendant did not actually complete the crime.

In order to find the defendant guilty of attempt to commit obstruction of law enforcement during a civil disorder, you must find that the government proved beyond a reasonable doubt each of the following elements:

First, that the defendant intended to commit the crime of obstruction of law enforcement during a civil disorder, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing obstruction of law enforcement during a civil disorder which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of

attempt to commit obstruction of law enforcement during a civil disorder merely because the defendant thought about it.  You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction of law enforcement during a civil disorder merely because the defendant made some plans to or some preparation for committing that crime.  Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of law enforcement during a civil disorder.  However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

\*   \*   \*

A defendant may be found guilty of the offense charged in Counts One or Three if the defendant obstructed law enforcement during a civil disorder or attempted to obstruct law enforcement during a civil disorder. Both ways of committing the offense are described in the instructions that I have given you.  If you find beyond a reasonable doubt that the defendant committed the offense of obstruction of law enforcement during a civil disorder in either of the two ways, you should find the defendant guilty of Counts One or Three, and you need not consider whether the defendant committed the offense of obstruction of law enforcement during a civil disorder in the other way.

**Instruction No. 21: Count 2, Assaulting, Resisting, or Impeding Certain Officers and, During and in Relation to the Offense, Using a Dangerous Weapon**
**18 U.S.C. § 111(a)(1) and (b)**

Count Two of the Indictment charges the defendant with forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with officers or employees of the United States, who were engaged in the performance of their official duties, while making physical contact with the person or acting with the intent to commit another felony, and, during and in relation to the offense, using a deadly or dangerous weapon, which is a violation of federal law.

I am going to instruct you on this charge and explain the various elements that you must consider. I will also instruct you on the lesser-included offense. After I give you the elements of these crimes, I will tell you in what order you should consider them.

<u>Elements</u>

To find the defendant guilty of assaulting, resisting, or impeding certain officers and, during and in relation to the offense, using a dangerous weapon, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with one or more officer of the United States, or any person assisting such an officer.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the officer(s) the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with was an officer or an employee of the United States who was then engaged in the performance of his official duties.

Fifth, the defendant made physical contact with the officers or acted with the intent to commit another felony.  For purposes of this element, "another felony" refers to the offenses charged in Counts [1 and 3].

Sixth, the defendant used a deadly or dangerous weapon during and in relation to the offense.

<u>Definitions</u>

A person acts **"forcibly"** if he used force, attempted to use force, or threatened to use force against an officer. Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.

The term **"assault"** means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.

The terms **"resist**," **"oppose**," **"impede**," **"intimidate**," and **"interfere with"** carry their everyday, ordinary meanings.

The term **"intentionally"** means that the defendant knowingly, consciously, and voluntarily committed an act which the law makes a crime.  This general intent may be inferred from the doing of the act.  The term **"knowingly"** has the same meaning described in the instructions for Counts One and Three.

The government does not have to prove that the defendant knew that the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at the time, carrying out an official duty.  It need only prove that the officer was, in fact, carrying out an official duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.

An object may be considered a **"deadly or dangerous weapon"** for one of two reasons.  First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly.  Second, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant carried it with the intent that it be used in a manner capable of causing serious bodily injury or death. The defendant need not have actually used the object in that manner.

A defendant "**uses**" a deadly or dangerous weapon when it is readily accessible and is actively employed during and in relation to the criminal undertaking.  "Use" may include brandishing, displaying, striking with, or making reference to a deadly or dangerous weapon in the defendant's possession, but mere presence of a dangerous or deadly weapon at the scene of the crime without active employment of that kind is not sufficient to constitute use of the deadly or dangerous weapon.

The phrase "**during and in relation to**" means that the deadly or dangerous weapon had a role in, facilitated, or had the potential of facilitating the offense conduct.  The phrase **"in relation to"** means that there must be some relation between the deadly or dangerous weapon and the offense conduct.  The deadly or dangerous weapon must have some purpose or effect with respect to the offense conduct.  You may infer that the use or carrying of the deadly or dangerous weapon is intended to facilitate the underlying offense, but you are not required to do so.  The term **"during"** means at some point in the course of the disorderly and disruptive conduct, regardless of how short a period of time.

<u>Lesser-Included Offense</u>

In order to find the defendant guilty of the lesser offense of Count Two, that is, assaulting, resisting, or impeding certain officers, you must find the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with one or more officers from the United States Capitol Police.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the officer(s) the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with was an officer or an employee of the United States who was then engaged in the performance of his official duties.

Fifth, the defendant made physical contact with the officers or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offenses charged in Counts [1 and 3].

Order of Deliberations

Now I am going to instruct you as to the order in which you should consider the above offenses.  You should consider first whether the defendant is guilty of assaulting, resisting, or impeding certain officers and, during and in relation to the offense, using a  deadly or dangerous weapon.  If you find the defendant guilty of that offense, do not go on to the lesser-included offense.  However, if you find the defendant not guilty, go on to consider whether the defendant is guilty of assaulting, resisting, or impeding certain officers.  If, after making all reasonable efforts to reach a verdict on the first charge, you are not able to do so, you are allowed to consider this lesser-included charge.

This order will be reflected in the verdict form that I will be giving you.

**Instruction No. 22: Count 4, Entering and Remaining in a Restricted Building or Grounds and, During and in Relation to the Offense, Using or Carrying a Deadly or Dangerous Weapon**

18 U.S.C. § 1752(a)(1), (b)(1)(A)

Count Four of the Indictment charges the defendant with entering and remaining in a restricted building or grounds and, during and in relation to the offense, using or carrying a deadly or dangerous weapon, which is a violation of federal law.

I am going to instruct you on this charge and explain the various elements that you must consider. I will also instruct you on the lesser-included offense. After I give you the elements of these crimes, I will tell you in what order you should consider them.

<u>Elements</u>

In order to find the defendant guilty of entering and remaining in a restricted building or grounds and, during and in relation to the offense, using or carrying a deadly or dangerous weapon, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendant did so knowingly.

Third, the defendant used or carried a deadly or dangerous weapon during and in relation to the offense.

<u>Definitions</u>

The term **"restricted building or grounds"** means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

31

The term **"person protected by the Secret Service"** includes the Vice President and the immediate family of the Vice President.

The term **"knowingly"** has the same meaning described in the instructions for Counts One and Three.

The terms **"deadly or dangerous weapon**," **"during and in relation to**," and **"use"** have the same meaning described in the instructions for Count Two.

A defendant "**carries**" a deadly or dangerous weapon when he possesses the weapon through the exercise of ownership or control and transports or moves the weapon from one place to another. The government is not required to prove transportation or movement over any particular distance.

<u>Lesser-Included Offense</u>

In order to find the defendant guilty of the lesser offense of Count Four, that is, entering or remaining in a restricted building or grounds, you must find the following elements beyond a reasonable doubt:

> First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

> Second, the defendant did so knowingly.

<u>Order of Deliberations</u>

Now I am going to instruct you as to the order in which you should consider the above offenses. You should consider first whether the defendant is guilty of entering or remaining in a restricted building or grounds and, during and in relation to the offense, using or carrying a deadly or dangerous weapon. If you find the defendant guilty of that offense, do not go on to the lesser-

included offense.  However, if you find the defendant not guilty, go on to consider whether the defendant is guilty of entering or remaining in a restricted building or grounds.  If, after making all reasonable efforts to reach a verdict on the first charge, you are not able to do so, you are allowed to consider this lesser-included charge.

This order will be reflected in the verdict form that I will be giving you.

**Instruction No. 23: Count 5, Disorderly and Disruptive Conduct in a Restricted Building or Grounds and, During and in Relation to the Offense, Using or Carrying a Deadly or Dangerous Weapon**

18 U.S.C. § 1752(a)(2), (b)(1)(A)

Count Five of the Indictment charges the defendant with disorderly and disruptive conduct in a restricted building or grounds and, during and in relation to the Offense, using or carrying a deadly or dangerous weapon, which is a violation of federal law.

I am going to instruct you on this charge and explain the various elements that you must consider. I will also instruct you on the lesser-included offense. After I give you the elements of these crimes, I will tell you in what order you should consider them.

<u>Elements</u>

In order to find the defendant guilty of disorderly and disruptive conduct in a restricted building or grounds and, during and in relation to the offense, using or carrying a deadly or dangerous weapon, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Fourth, the defendant used or carried a deadly or dangerous weapon during

34

and in relation to the offense.

<u>Definitions</u>

**"Disorderly conduct"** is conduct that tends to disturb the public peace or undermine public safety. Disorderly conduct includes when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud and disruptive under the circumstances.

**"Disruptive conduct"** is a disturbance that interrupts an event, activity, or the normal course of a process.

The terms **"restricted building or grounds"** and **"person protected by the Secret Service"** have the same meanings described in the instructions for Count Four.

The term **"knowingly"** has the same meaning described in the instructions for Counts One and Three.

The terms **"deadly or dangerous weapon," "during and in relation to,"** and **"use"** have the same meaning described in the instructions for Count Two.

The term **"carries"** has the same meaning described in the instructions for Count Four.

<u>Lesser-Included Offense</u>

In order to find the defendant guilty of the lesser offense of Count Five, that is, disorderly and disruptive conduct in a restricted building or grounds, you must find the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, or in

proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Order of Deliberations

Now I am going to instruct you as to the order in which you should consider the above offenses. You should consider first whether the defendant is guilty of disorderly and disruptive conduct in a restricted building or grounds and, during and in relation to the offense, using or carrying a deadly or dangerous weapon. If you find the defendant guilty of that offense, do not go on to the lesser-included offense. However, if you find the defendant not guilty, go on to consider whether the defendant is guilty of disorderly and disruptive conduct in a restricted building or grounds. If, after making all reasonable efforts to reach a verdict on the first charge, you are not able to do so, you are allowed to consider this lesser-included charge.

This order will be reflected in the verdict form that I will be giving you.

**Instruction No. 24: Count 6, Engaging in Physical Violence in a Restricted Building or Grounds and, During and in Relation the Offense, Using or Carrying a Deadly or Dangerous Weapon**

18 U.S.C. § 1752(a)(4), (b)(1)(A)

Count Six of the Indictment charges the defendant with knowingly engaging in physical violence in a restricted building and grounds and, during and in relation to the offense, using or carrying a deadly or dangerous weapon, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of engaging in physical violence in a restricted building or grounds and, during and in relation to the offense, using or carrying a deadly or dangerous weapon, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in an act of physical violence against a person or property in, or in proximity to, a restricted building or grounds.

Second, the defendant did so knowingly.

Third, the defendant used or carried a deadly or dangerous weapon during and in relation to the offense.

<u>Definitions</u>

The term **"act of physical violence"** means any act involving an assault or other infliction of bodily harm on an individual; or damage to, or destruction of, real or personal property.

The terms **"restricted building or grounds"** and **"person protected by the Secret Service"** have the same meanings described in the instructions for Count Four.

The term **"knowingly"** has the same meaning described in the instructions for Counts One and Three.

The terms **"deadly or dangerous weapon," "during and in relation to,"** and **"use"** have the same meaning described in the instructions for Count Two.

The term **"carries"** has the same meaning described in the instructions for Count Four.

Lesser-Included Offense

In order to find the defendant guilty of the lesser offense of Count Six, that is, engaging in physical violence in a restricted building or grounds, you must find the following elements beyond a reasonable doubt:

First, the defendant engaged in an act of physical violence against a person or property in, or in proximity to, a restricted building or grounds.

Second, the defendant did so knowingly.

Order of Deliberations

Now I am going to instruct you as to the order in which you should consider the above offenses.  You should consider first whether the defendant is guilty of engaging in physical violence in a restricted building or grounds and, during and in relation to the offense, using or carrying a deadly or dangerous weapon.  If you find the defendant guilty of that offense, do not go on to the lesser-included offense.  However, if you find the defendant not guilty, go on to consider whether the defendant is guilty of engaging in physical violence in a restricted building or grounds. If, after making all reasonable efforts to reach a verdict on the first charge, you are not able to do so, you are allowed to consider this lesser-included charge.

This order will be reflected in the verdict form that I will be giving you.

**Instruction No. 25: Count 7, Disorderly Conduct in a Capitol Building or in Capitol Grounds**

40 U.S.C. § 5104(e)(2)(D)

Count Seven of the Indictment charges the defendant with disorderly and disruptive conduct in a Capitol Building or in Capitol Grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or at any place in the Capitol Grounds.

Second, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct of a hearing before, or any deliberation of, a committee of Congress or either House of Congress.

Third, the defendant acted willfully and knowingly.

Definitions

The term **"Capitol Buildings"** includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

The term **"Capitol Grounds"** includes the United States Capitol and all squares, reservations, streets, roadways, walks, and other areas as defined on a map entitled "Map showing areas comprising United States Capitol Grounds", dated June 25, 1946, approved by the Architect

of the Capitol, and recorded in the Office of the Surveyor of the District of Columbia in book 127, page 8, including all additions added by law after June 25, 1946.

The term **"House of Congress"** means the United States Senate or the United States House of Representatives.

**"Disorderly conduct"** and **"disruptive conduct"** have the same meaning described in the instructions for Count Five.

The term **"knowingly"** has the same meaning described in the instructions for Counts One and Three.

A person acts **"willfully"** if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. While the government must show that a defendant knew that the conduct was unlawful, the government does not need to prove that the defendant was aware of the specific law that his conduct violated.

**Instruction No. 26: Count 8, Act of Physical Violence in the Capitol Grounds or Buildings**

40 U.S.C. § 5104(e)(2)(F)

Count Ten of the Indictment charges the defendant with an act of physical violence on the Capitol Grounds or in a Capitol Building, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in an act of physical violence in any Capitol Buildings or in the Capitol Grounds.

Second, the defendant acted willfully and knowingly.

<u>Definitions</u>

The term **"act of physical violence"** means any act involving an assault or other infliction or threat of infliction of death or bodily harm on an individual; or involving damage to, or destruction of, real or personal property. For purposes of this offense, unlike the offense in Count Six, the threat of infliction of bodily harm is sufficient to meet this definition.

The terms **"Capitol Buildings"** and **"Capitol Grounds"** have the same meaning described in the instructions for Count 7.

The term **"knowingly"** has the same meaning described in the instructions for Counts One and Three.  The term **"willfully"** has the same meaning described in the instructions for Count Seven.

**Instruction No. 27: Count 9, Parading, Demonstrating, or Picketing in a Capitol Building**

40 U.S.C. § 5104(e)(2)(G)

Count Nine of the Indictment charges the defendant with parading, demonstrating, or picketing in a Capitol Building, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

Second, the defendant acted willfully and knowingly.

<u>Definitions</u>

The terms **"parade"** and **"picket"** have their ordinary meanings.  The term **"demonstrate"** refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.

The term **"Capitol Buildings"** has the same meaning described in the instructions for Count Seven.

The term **"knowingly"** has the same meaning described in the instructions for Counts One and Three.  The term **"willfully"** has the same meaning described in the instructions for Count Seven.

43

CONCLUDING INSTRUCTIONS

**Instruction No. 28: Unanimity – General**

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict must be unanimous.

**Instruction No. 29: Verdict Form Explanation**

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing on it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing on the form replaces the instructions of law I have already given you, and nothing on it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

**Instruction No. 30: Redacted Documents and Tapes**

During the course of this trial, a number of exhibits were admitted in evidence. Sometimes only those parts of an exhibit that are relevant to your deliberations were admitted.  Where this has occurred, the irrelevant parts of the exhibit were blacked out or otherwise removed, or a video may have been played without sound, or sound may have been played without video.  There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy.  As you examine the exhibits, and you see where there appear to be omissions, you should consider only the portions that were admitted.  You should not guess as to what has been taken out, and you should not hold it against any party.  You are to decide the facts only from the evidence that is before you.

**Instruction No. 31: Exhibits During Deliberations**

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdicts. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

**Instruction No. 32: Selection of Foreperson**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission--to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

**Instruction No. 33: Cautionary Instruction on Publicity, Communication, and Research**

As I have mentioned throughout the trial, there may be reports in the newspapers or on the radio, internet, or television about this case. You may be tempted to read, listen to, or watch this media coverage. But, as I've explained, already, you must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If you receive automatic alerts from any source, you may need to change your push notifications, news subscriptions or RSS or Twitter feeds.  If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of another instruction that I've given you on multiple occasions throughout this trial. I've previously told you not to communicate with anyone about this case. Now, during your deliberations, you may not communicate with anyone who is not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

**Instruction No. 34: Communications Between Court and Jury During Jury's Deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not the clerk, the marshal or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter--for example, 6-6 or 7-5 or 11-1, or in any other fashion--whether the vote is for conviction or acquittal or on any other issue in the case.

**Instruction No. 35: Jurors' Duty to Deliberate**

It is your duty as jurors to consult with one another and to deliberate expecting to reach an agreement. You must decide the case for yourself but you should do so only after thoroughly discussing it with your fellow jurors. You should not hesitate to change an opinion when convinced that it is wrong. You should not be influenced to vote in any way on any question just because another juror favors a particular decision or holds an opinion different from your own. You should reach an agreement only if you can do so in good conscience. In other words, you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions.

**Instruction No. 36: Attitude and Conduct of Jurors in Deliberations**

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed.

Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

**Instruction No. 37: Delivering the Verdict**

When you have reached your verdict, just send me a note informing me of this fact, and have your foreperson sign the note. Do not tell me what your verdict is. The foreperson should fill out and sign the verdict form that will be provided. I will then call you into the courtroom and ask your foreperson to read your verdict in open court.

**Instruction No. 38: Excusing Alternate Jurors**

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected two seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats [X] and [Y].  These are juror numbers [X] and [Y].

Before you leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury if something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service. We are extremely grateful for your time and attention in this case. Please report back to the jury office to turn in your badge on your way out.