# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Docket No. 1:23-cr-00224 |
| | ) | |
| v. | ) | ELECTRONICALLY FILED |
| | ) | |
| JONATHAN JOSEPH COPELAND, | ) | The Honorable Dabney L. Friedrich |
| | ) | |
| Defendant. | ) | |

## MOTION FOR LEAVE TO WITHDRAW AS ATTORNEY

AND NOW, to-wit, comes the defendant, Jonathan Joseph Copeland (hereinafter "Mr. Copeland"), by and through his counsel, Komron Jon Maknoon, Esquire, and respectfully submits the within Motion for Leave to Withdraw as Attorney and, in support, avers as follows:

1. On November 21, 2022, undersigned counsel respectfully entered his appearance on behalf of Mr. Copeland (*See* ECF No. 16).

2. On July 12, 2023, Mr. Copeland was indicted for an alleged violations of 18 U.S.C. § 231(a)(3) – Civil Disorder, 18 U.S.C. §§ 111(a)(1) and (b) – Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, 18 U.S.C. § 1752(a)(1) and (b)(1)(A) – Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 18 U.S.C. § 1752(a)(2) and (b)(1)(A) – Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 18 U.S.C. § 1752(a)(4) and (b)(1)(A) – Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 40 U.S.C. § 5104(e)(2)(D) – Disorderly Conduct in a Capital Building, 40 U.S.C. § 5104(e)(2)(F) – Act of Physical Violence in the Capitol Grounds or Buildings, and §40 U.S.C. § 5104(e)(2)(G) – Parading, Demonstrating, or Picketing in a Capital Building (*See* ECF No. 29).

3. Currently scheduled and due are:

    a. A pretrial conference on January 24, 2024;

    b. A pretrial conference (if needed) on January 25, 2024;

    c. Voir dire, proposed jury instructions, Brady and Giglio information, exhibit lists, and witness lists on January 17, 2024;

    d. Responses to voir dire, responses to proposed jury instructions, objections to admissibility of exhibits, pre-marked exhibits to the court, and defense's witness list to the government on January 22, 2024; and

    e. Trial on February 5, 2024 (*See* ECF No. 32).

4. On January 10, 2024, following a meeting between Mr. Copeland and undersigned counsel, he emailed undersigned counsel terminating representation and citing the existence of irreconcilable differences.

5. In response to the email, the undersigned counsel made attempts to repair the relationship as well as to determine if Mr. Copeland was willing to continue with trial preparation in the interim.

6. Shortly thereafter, it became evident that the relationship was irreparable, Mr. Copeland would not assist undersigned counsel in trial preparation, and undersigned counsel was instructed to file a motion to withdraw and request a trial continuance.

7. On January 12, 2024, Mr. Copeland expressed a desire to have a meeting to discuss reconciliation. A Zoom meeting was subsequently scheduled for Sunday, January 15 at 9:00 am, which was to be attended by the undersigned counsel and members of the firm.

8. At the close of the same day, undersigned counsel was informed by Mr. Copeland of several matters. These included, but were not limited to, his interview of new lawyers, strong disagreement with the defense strategy, and a request for a continuance in the case.

9. At this time, undersigned counsel acknowledges that the attorney-client relationship is irreparably damaged, with a significant inability to communicate effectively, if at all.

10. Without Mr. Copeland's participation in trial preparation, undersigned counsel is unable to properly prepare for trial.

11. Effective legal representation depends on meaningful communication between the attorney and client. Undersigned counsel cannot be effective if Mr. Copeland is unwilling to communicate or participate in trial preparation, including potential involvement during the trial.

12. Additionally, and although not the catalyst or primary reason of irreconcilable differences between Mr. Copeland and undersigned counsel, it is important to note that Mr. Copeland has significantly failed to honor his agreement with the firm.

13. Under District of Columbia Rules of Professional Conduct Rule 1.16 Comment 8, "A lawyer may withdraw if the client refuses to abide by the terms of an agreement relating to the representation, such as an agreement concerning the timely payment of the lawyer's fees." DC R RPC Rule 1.16.

14. Previously mentioned, there are pending items, including voir dire, proposed jury instructions, Brady and Giglio information, exhibit lists, and witness lists, which undersigned counsel respectfully requests to extend the deadline for until after the resolution of the present motion.

15. On January 16, 2024, undersigned counsel received an email from Assistant United States Attorney Alexandra F. Foster who takes no position on the within motion.

WHEREFORE, it is respectfully requested that this Honorable Court permit undersigned counsel, Komron Jon Maknoon, to withdraw as attorney for Mr. Copeland to provide him with the opportunity to secure new counsel.

Respectfully Submitted,

*s/ Komron Jon Maknoon*
Komron Jon Maknoon, Esquire
PA I.D. No. 90466
Maknoon & Associates, LLC
438 Division St.
2nd Floor
Sewickley, Pa 15143
(412) 201-1802
(412) 774-8424 FAX

Attorney for Defendant, Jonathan Copeland