UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES,

v.

JONATHAN JOSEPH COPELAND,

*Defendant.*

No. 23-CR-224 (DLF)

## ORDER

Before the Court is the defendant's motion *in limine* to preclude evidence discussion, or argument about (1) signs, fencing, dispersal announcements, barricades, or other barriers outside his eyesight on January 6, 2021 and (2) the criminal conduct of others on January 6, 2021.  Def.'s Mot. in Limine to Preclude ¶¶ 7–11, Dkt. 38.  The Court will deny the motion in full.

Under Rule 401 of the Federal Rules of Evidence, evidence is relevant when it has the "tendency to make . . . more or less probable" a fact that "is of consequence in determining the action."  Fed. R. Evid. 401.  In general, relevant evidence is admissible.  Fed. R. Evid. 402.  But relevant evidence is not admissible when "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  Rule 401's "basic standard of relevance . . . is a liberal one," *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 587 (1993), and the relevance bar is accordingly "very low."  *United States v. Moore*, 590 F. Supp. 3d 277, 283 (D.D.C. 2022) (cleaned up).  The proponent of a piece of evidence bears the initial burden of showing its relevance.  *See Dowling v. United States*, 493 U.S. 342, 351 n.3 (1990).

First, the Court will permit the government to introduce unseen-signage evidence because evidence of unseen signage is probative of facts required to convict the defendant of counts 4, 5, and 6 of the indictment and thus is admissible under Rule 401. Counts 4, 5, and 6 all require the government to prove beyond a reasonable doubt that the defendant's conduct took place in a "restricted building or grounds." 18 U.S.C. §§ 1752(a)(1), (2), (4). "Restricted building or grounds" means "any posted, cordoned off, or otherwise restricted area . . . of a building or grounds where" someone "protected by the Secret Service is or will be temporarily visiting." *Id.* § 1752(c)(1)(B). Section 1752 thus requires the government to prove the objective existence of a restricted perimeter around the Capitol. Evidence of "signs, plaques, notices, 'No Trespassing' markings, dispersal announcements, barriers, fences or barricades," Def.'s Mot. in Limine to Preclude ¶ 7, is relevant and highly probative of this objective fact, *see United States v. Baez*, No. 21-cr-507, 2023 WL 6364648, at *3 (D.D.C. Sept. 29, 2023) (reasoning that "evidence of signs, fencing, dispersal announcements, barricades, or other barriers . . . are relevant to the government's case and highly probative of the 'restricted' nature of the building or grounds" regardless of whether or not the defendant saw them). *But see United States v. Zink*, No. 21-cr-191, 2023 WL 5206143, at *3 (D.D.C. Aug. 14, 2023) (granting a defendant's motion *in limine* when the parties agreed to admit unseen-signage evidence only if the defendant "could or should have seen these warnings").[1] Given the unseen-signage evidence is probative of at least one material fact, the evidence is relevant under Rule 401 even if the defendant did not see it himself.

Further, the risk of unfair prejudice, misleading the jury, undue delay, or wasting time does not "substantially outweigh[]" the high probative value of the unseen-signage evidence. Fed. R.

---

[1] The defendant appears to concede the probative value of the unseen-signage evidence in his reply brief, arguing evidence of signage would be "superfluous . . . beyond" "the government's necessity to establish the *objective* existence of signage." *See* Def.'s Reply at 3, Dkt. 48.

Evid. 403. The defendant contends evidence of unseen signage is "unfairly prejudicial and would mislead the jury," but he does not point to any specific source of prejudice. Def.'s Mot. in Limine to Preclude ¶ 7. In any event, upon request, a cautionary instruction can reduce the risk of undue prejudice. *See CSX Transp., Inc. v. Hensley*, 556 U.S. 838, 841 (2009) ("[I]n all cases, juries are presumed to follow the court's instructions." (citing *Greer v. Miller*, 483 U.S. 756, 766 n.8 (1987))). For example, the Court may instruct the jury that evidence of unseen signage is admitted to prove the objective existence of a restricted area, not to prove that the defendant directly observed the signage.

Second, the Court will permit the government to introduce evidence of others' conduct on January 6, 2021 because it is probative of facts required to convict the defendant of counts 1 and 3 of the indictment. Counts 1 and 3 require the government to prove beyond a reasonable doubt that the defendant engaged in an "act to obstruct, impede, or interfere" with law enforcement, "incident to and during the commission of a civil disorder." 18 U.S.C. § 231(a)(3). A "civil disorder" is defined as "any public disturbance involving acts of violence by assemblages of *three or more persons*, which causes an immediate danger of or results in damage or injury to the property or person of any other individual." *Id.* § 232(1) (emphasis added). As the defendant seemingly concedes, evidence of others' conduct during the January 6 riot is highly probative of the existence of a civil disorder. *See* Def.'s Mot. in Limine ¶ 10. In addition, evidence of others' conduct in "breaching the Capitol, including around barriers, fences, and signs around the Capitol" and evidence of the defendant's decision to "join[] [the] mob of others" both "bear[] on [his] mens rea" for counts 1 and 3. *Baez*, 2023 WL 6364648, at *3.

Further, as to the risk of prejudice, the defendant argues that he has not been charged under 18 U.S.C. § 1512(c)(2), and only "evidence of his individual contribution to the overall riot is


relevant." Def.'s Mot. in Limine to Preclude ¶¶ 9, 11. These arguments are meritless. Even assuming the defendant is less culpable than those January 6 rioters charged under section 1512(c)(2), this fact does not negate the relevance of others' conduct in contributing to a civil disorder. In addition, it would be unreasonable to limit the government to evidence of the defendant's "individual contribution to the overall riot," *id.* ¶ 11, because both counts 1 and 3 require the government to prove a "public disturbance involving acts of violence by assemblages of *three or more persons*" not merely "acts of violence" by the defendant himself, 18 U.S.C. § 232(1) (emphasis added). Further, upon request, the Court can issue a limiting instruction directing the jury to consider evidence of others' conduct for specific nonprejudicial purposes.

Accordingly, it is

**ORDERED** that the defendant's motion *in limine* to preclude evidence discussion, or argument about (1) signs, fencing, dispersal announcements, barricades, or other barriers outside his eyesight on January 6, 2021 and (2) the criminal conduct of others on January 6, 2021 is **DENIED**.

_____
DABNEY L. FRIEDRICH
United States District Judge

January 16, 2024