IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Docket No. 1:23-cr-00224 |
| | ) | |
| v. | ) | ELECTRONICALLY FILED |
| | ) | |
| JONATHAN JOSEPH COPELAND, | ) | The Honorable Dabney L. Friedrich |
| | ) | |
| Defendant. | ) | |

## STATUS REPORT

AND NOW, to-wit, comes the Defendant, Jonathan Copeland, by and through his attorney, Komron Jon Maknoon, and respectfully files the within Status Report in response to Minute Order on January 19, 2024. and representing as follows:

### Mr. Copeland's Access to Discovery

I.  Procedural Background

   a. On August 24, 2022, a Criminal Complaint was filed against Mr. Copeland (*See* ECF Doc. No. 1).

   b. On September 1, 2022, Attorney Nathan I. Silver, II was assigned to represent Mr. Copeland.

   c. On September 14, 2022, the government filed an *Unopposed* Motion for Protective Order (*See* ECF Doc. No. 9).

   d. On September 15, 2022, Mr. Copeland signed his consent to the conditions of the protective order (*See* ECF Doc. No. 11).

       i. The protective order addresses rules for the handling and dissemination of "Sensitive" and Highly Sensitive" materials, and

1

      ii. Paragraph 6(a) of said order states that Defense counsel may not provide a copy of "Highly Sensitive" materials to Defendant or "permit Defendant to view such materials unsupervised by defense counsel, and attorney, investigator, paralegal, or support staff employed by defense counsel."

  e. The initial production of discovery by the government occurred on September 16, 2022, and this disclosure pertained exclusively to Mr. Copeland.

  f. On September 19, October 14, November 1st, and November 21st, 2022, there were global productions made available.

  g. On November 21, 2022, undersigned counsel entered his appearance (*See* ECF Doc. No. 16); and

  h. In addition to numerous other global productions, two separate releases of discovery specific to Mr. Copeland were provided on October 27, 2023, and December 5, 2023.

II. <u>Confirmation of Counsel's representations about Mr. Copeland's access to discovery</u>

Following the *ex parte* hearing on January 19, 2024, undersigned counsel conferred with the firm's paralegal/law clerk[1] to obtain a clearer account of her recollection regarding Mr. Copeland's access to discovery. It is understood that the issue before the Court is specific to representations made to the Court in the *ex parte* hearing is in no way to act as a waiver of attorney-

---

[1] The firm's paralegal/law clerk, who joined the firm in April 2022 is a recent graduate of Duquesne University School of Law, possesses substantial experience working with USAfx, relativity.com, and evidence.com due to her involvement in prior cases. She has been the main point of contact for Mr. Copeland on these matters.

client privilege but for the limited purpose to answer the Court's questions to result in a clearer understanding, and are as follows:

    a. In the earlier stages of undersigned counsel's representation, it was believed that Mr. Copeland had viewed the previously released discovery.[2] The firm was also aware that Mr. Copeland signed the protective order and that both case specific and global productions were released over sixty days prior to undersigned counsel's entry of appearance.[3]

    b. With the protective order already signed, it was understood that "highly sensitive" materials had to be viewed at the firm. And there is absolutely no recollection of the firm denying or ignoring Mr. Copeland's request to view discovery.

    c. On August 10, 2023, the firm's paralegal emailed Mr. Copeland regarding completion of the registration process on evidence.com.[4]

    d. After receiving no response, the firm's paralegal emailed Mr. Copeland again on August 18, 2023.

    e. Shortly thereafter, Mr. Copeland responded and informed the firm in the affirmative.

---

[2] In the event that Mr. Copeland had not reviewed the case-specific discovery from September 16, 2022, and global productions, but was instead referring to the reverse proffer, a misunderstanding might have occurred.

[3] Undersigned counsel has sent an email to former counsel in an effort to determine whether Mr. Copeland had reviewed the discovery materials from September 16, 2022, or any global productions, and is currently awaiting a response.

[4] Respectfully, there appeared to some uncertainty whether Mr. Copeland had indeed established an account at evidence.com, leading the paralegal to revisit the issue.

f. On December 15, 2023, following instructions from the undersigned counsel, the firm's paralegal sent an email to Mr. Copeland to confirm whether he had successfully accessed any discovery materials on evidence.com.

g. On December 21, 2023, Mr. Copeland informed the firm his desire to resolve the issue related to evidence.com.

h. On December 22, 2023, the firm's paralegal conducted a zoom meeting with Mr. Copeland in an attempt to assist. At that point, it was evident that Mr. Copeland had never gained access to said website.

i. I. On January 5, 2024, the firm's paralegal sent an email to Mr. Copeland, informing him that a "help ticket" had been initiated with Axon Technical Support to aid in his access to evidence.com. The email also included two attachments: one containing a "Multi-Factor Authentication (MFA) settings Admin Guide" and the other containing a Multi-Factor Authentication (MFA) User Guide.

j. On January 9, 2024, the firm's paralegal once more sent an email to Mr. Copeland, this time requesting a screenshot of any error message produced by evidence.com. This screenshot was sought to facilitate further assistance from Axon Technical Services in resolving the issue.

k. On January 10, 2024, undersigned counsel, the firm's paralegal, and attorney Stephanie Eshenbaugh[5] met with Mr. Copeland to discuss the trial preparation timeline and the scheduling of various forthcoming meetings as part of trial

---

[5] Attorney Eshenbaugh had previously submitted her application for the District Court of the District of Columbia to be admitted prior to the trial on February 5, 2024.

4

  preparations. schedule and numerous future meetings in preparation for the trial. During these meetings, a comprehensive review of all case-specific discovery materials would be conducted with Mr. Copeland.[6]

l. Following the *ex parte* hearing on January 19, 2024, undersigned counsel joined the firm's paralegal to again attempt to address accessibility with evidence.com. At that time, Mr. Copeland was provided with a telephone number to contact Axon Technical Services and to again attempt to resolve any issues to access evidence.com. Shortly thereafter, Mr. Copeland informed the office that the issue was successfully resolved.

m. Currently, the firm is currently in possession of Mr. Copeland's discovery both "sensitive" and "highly sensitive."

  In conclusion, the firm was under the reasonable impression that Mr. Copeland had access to global productions as well as the September 16, 2022, case specific discovery prior to undersigned counsel's entry of appearance. But, without confirmation from Mr. Copeland or Attorney Nathan I. Silver, II, this remains uncertain.

  The firm's paralegal had multiple interactions with Mr. Copeland, which took place through telephone calls, email exchanges, and Zoom meetings. She maintains that the objectives of these communications were often diverted to other topics and were frequently fragmented.

  The firm's members were ready to facilitate Mr. Copeland's access to "highly sensitive" materials when requested. However, there is no record or memory of Mr. Copeland making any

---

[6] It is important to note that this case was to be tried. And, although global production is extremely voluminous, the case specific discovery, in undersigned counsel's opinion, was quite manageable with Mr. Copeland's cooperation with the time allotted for trial preparation.

requests to review his discovery materials. Furthermore, no "sensitive" discovery materials were transmitted electronically or by mail to Mr. Copeland.

After the *ex parte* hearing on January 19, 2024, the government is in the process of re-uploading all discovery materials for new counsel.

In her Motion to Withdraw (refer to ECF Doc. No. 64), Attorney Carolyn Stewart raises concerns about the reasons behind Mr. Copeland's inability to access evidence.com, questions whether the firm possesses the necessary discovery materials for Mr. Copeland and suggests that the firm may not be proficient in the technology. These assertions do not warrant a response, given that she lacks a factual basis for making such claims. Similarly, Attorney Stewart's assertions regarding Mr. Copeland's alleged failure to substantially fulfill his agreement with the firm were swiftly determined to be without merit.

Thus, it is undeniable that both the undersigned counsel and the firm have consistently made diligent efforts to communicate, offer accommodations, and remain accessible to Mr. Copeland. Regrettably, these endeavors have proven unsuccessful. Due to these circumstances, we respectfully seek permission to withdraw, allowing Mr. Copeland the opportunity to re-engage in the discovery process with new legal representation.

<u>Mr. Copeland's decision moving forward</u>

Undersigned counsel is now in possession of the financial affidavit which will be filed in short order.

Respectfully submitted,

*s/ Komron Jon Maknoon*
Komron Jon Maknoon

Counsel for Defendant, Jonathan Copeland