UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES,

v.

JONATHAN JOSEPH COPELAND,

Defendant.

No. 23-CR-224 (DLF)

## ORDER

Before the Court is defense counsel Maknoon's Motion for Leave to Withdraw as Attorney, Dkt. 54, defense counsel Stewart's Motion to Withdraw as Counsel, Dkt. 64, and the defendant's Motion to Continue Trial and Vacate Dates, Dkts. 62, 63. For the reasons that follow, the Court will grant Mr. Maknoon's motion, deny Ms. Stewart's motion, and grant in part and deny in part the defendant's motion.

**I.      Motions to Withdraw**

The Court will grant Mr. Maknoon's motion to withdraw and deny Ms. Stewart's motion to withdraw. An indigent criminal defendant who seeks to replace counsel "bears the burden of showing good cause to replace appointed counsel, such as a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant." *United States v. Bostick*, 791 F.3d 127, 156–57 (D.C. Cir. 2015). Regrettably, the relationship between the defendant and Mr. Maknoon has irretrievably broken down. As Mr. Maknoon outlines in his motion to withdraw and as he represented at the January 19, 2024 *ex parte* hearing, he made numerous efforts to ensure that the defendant had access to discovery and would be prepared to try this case by February 5, 2024. *See* Mot. for Leave to Withdraw as Attorney at 2, Dkt. 54. When the attorney-client relationship began to deteriorate, Mr. Maknoon "made attempts to repair

the relationship as well as to determine if Mr. Copeland was willing to continue with trial preparation in the interim." *Id.* Despite these efforts, Mr. Maknoon concluded "that the relationship was irreparable" as the defendant "would not assist [Mr. Maknoon] in trial preparation." *Id.* The Court credits Mr. Maknoon's representations and will thus grant his motion to withdraw.

Further, the Court will deny Ms. Stewart's motion to withdraw. At the January 22, 2024 hearing, the defendant represented to the Court that Ms. Stewart is his counsel of choice, and he would like to proceed with her as his counsel.[1] Ms. Stewart seeks to withdraw because she "has a very full calendar for D.C. cases and for legal services in her home state through March and into mid-April 2024." Mot. to Withdraw as Counsel at 4, Dkt. 64. As discussed in greater length *infra*, she has also at times represented to the Court that she is capable of trying this case in March or April 2024. *See id.* at 3. The Court has been unable to secure for the defendant appointed counsel capable of trying this case before March or April 2024. As such, Ms. Stewart will remain in the case. The Court will thus deny her motion to withdraw.

## II. Motion to Continue

The Court will grant in part and deny in part the defendant's motion for a continuance. On January 18, 2024—approximately two weeks before trial was set to begin—the defendant moved to continue trial until "July 2024 or thereafter." Mot. to Continue Trial & Vacate Dates at 1, Dkt. 62. According to the defendant, a continuance is warranted because a "crash preparation effort is

---

[1] The defendant is reminded that a requirement of "the right to choose one's own attorney is that the criminal defendant be financially able to retain his counsel of choice. . . . Thus, it is well settled that a defendant is not denied the right to choice of counsel if he is unable to afford the 'best' counsel and must, as a consequence, settle for another, perhaps court-appointed counsel." *United States v. Friedman*, 849 F.2d 1488, 1490 (D.C. Cir. 1988) (cleaned up). The defendant has filed under seal a financial affidavit representing that he has no assets. *See* Financial Affidavit, Dkt. 66 (sealed). Given his indigent status, the defendant's right to counsel of choice is highly circumscribed, and if Ms. Stewart proves unable to try this case within the parameters set by this Court, counsel will be appointed for the defendant.

not feasible" for Ms. Stewart, the defendant allegedly "did not personally receive any discovery and is unaware of attorney trial preparations," "[f]urther research and investigation are required . . . to follow leads and further assess what is missing from discovery," and time is required "to provide [the defendant's] input to voir dire questions and jury instructions" and "motions." *Id.* at 2–3. The government takes no position on the defendant's motion. *See id.* at 1.

"A trial judge enjoys great discretion in ruling on a motion for a continuance," but "[t]he judge must consider the justifications offered by the party seeking a continuance, balancing them against the judicial system's interest in expeditious proceedings." *United States v. Poston*, 902 F.2d 90, 96 (D.C. Cir. 1990). "[T]he denial of a continuance to allow new counsel to prepare implicates the sixth amendment right to counsel," but the Sixth Amendment "does not give a criminal defendant an *absolute* right to a continuance to allow counsel to prepare." *Id.* The D.C. Circuit has noted that the Sixth Amendment right to counsel "cannot be insisted upon in a manner that will obstruct an orderly procedure in courts of justice, and deprive such courts of the exercise of their inherent powers to control the same." *United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978). In *Burton*, the D.C. Circuit enumerated factors "that a trial court may consider in ruling on a motion for a continuance based upon an asserted need for time for counsel to prepare more fully." *Poston*, 902 F.2d at 96–97. These factors include:

> the length of the requested delay; whether other continuances have been requested and granted; the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; whether the defendant has other competent counsel prepared to try the case, including the

consideration of whether the other counsel was retained as lead or associate counsel; whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; the complexity of the case; and other relevant factors which may apply in the context of any particular case.

*United States v. Jefferson*, 974 F.2d 201, 204 (D.C. Cir. 1992) (quoting *Burton*, 584 F.2d at 490–91).

The Court will reluctantly grant a motion for a continuance until March or April 2024. On one hand, numerous factors weigh against the grant of a continuance. First, the defendant's motion for a continuance is "dilatory, purposeful or contrived." *Id.* As outgoing defense counsel represents, this case has a "manageable" amount of discovery and presents straightforward legal issues arising from the January 6, 2021 riot. Status Report at 5 n.6, Dkt. 65. The Court thus sees no reason why pretrial proceedings have taken over a year and a half. The defendant was arrested on August 25, 2022, and defense counsel entered an appearance on November 21, 2022. Proceedings then continued before Magistrate Judge Meriweather until July 17, 2023—11 months after the defendant's arrest—as the defendant and the government plea bargained. When that failed, the defendant had an initial appearance and arraignment before this Court on July 27, 2023. As the Court recalls (and as Mr. Maknoon confirmed at the January 19, 2024 hearing), at the July 27, 2023 hearing, the Court noted the unusually long delay before the Magistrate Judge and expressed to the parties its concern with the delay. The defendant nor defense counsel have pointed to a good-faith reason why proceedings in this otherwise straightforward case required a year and a half of pretrial proceedings or why discovery-related issues have been raised for the first time two weeks before trial. Moreover, the Court's skepticism is colored by the timing of the

4

defendant's motion for a continuance, which was filed two days after the Court denied two of the defendant's pretrial motions and thus finished adjudicating all but one of the defendant's pretrial motions.  *See* Orders of Jan. 16, 2024, Dkts. 56–57; Min. Order of Jan. 16, 2024.

Second, the Court concludes that the "defendant contributed to the circumstances which g[ave] rise to the request for a continuance." *Burton*, 584 F.2d at 490.  The defendant seeks a continuance until July 2024 because he "did not personally receive any discovery and is unaware of attorney trial preparations" since July 2023.  Mot. to Continue Trial & Vacate Dates at 2.  The Court does not find these representations credible; rather, the Court credits Mr. Maknoon's numerous representations that the defendant's predicament is of his own doing.  Specifically, the Court credits Mr. Maknoon's belief that the defendant "viewed the previously released discovery" in "the earlier stages of [Mr. Maknoon's] representation" and "signed the protective order and that both case specific and global productions were released over sixty days prior to [Mr. Maknoon's] entry of appearance." Status Report at 3.  Further, between August 2023 and December 2023, Mr. Maknoon's firm made numerous efforts to contact the defendant regarding access to discovery on evidence.com.  After the defendant failed to respond to the firm's inquiry on August 10, 2023 about access to discovery, the firm followed up on August 18, 2023.  *See id.*  "Shortly thereafter," the defendant "informed the firm in the affirmative" that he completed "the registration process on evidence.com." *Id.*  Four months later, on December 15, 2023, the firm reached out to the defendant confirming his access to evidence.com.  *See id.* at 4.  Contrary to his earlier "affirmative" response, during a December 22, 2023 Zoom hearing "it was evident" that he "never gained access to said website." *Id.*  Mr. Maknoon also represents that there is "no record or memory of [the defendant] making any requests to review his discovery materials," and the Court notes that the defendant has offered no explanation as to why he failed to raise with counsel his inability to access

discovery between August and December 2023.  *Id.* at 5–6.  Indeed, after it emerged that the defendant had not, in fact, accessed evidence.com on December 22, 2023, the firm met with the defendant on January 10, 2024 to "discuss the trial preparation timeline and the scheduling of various forthcoming meetings" during which "a comprehensive review of all case-specific discovery materials would be conducted with [the defendant]." *Id.* at 4–5.  Given this information provided by outgoing counsel, the Court concludes that the defendant's own conduct—through misrepresentation and failure to seek discovery proactively until it was too late—contributed to the current circumstance the Court finds itself in.

Third, the "length of the requested delay" is unreasonable.  The defendant requests a continuance until "July 2024 or thereafter"—an approximately five-month continuance.  Mot. to Continue Trial & Vacate Dates at 1.  This is not reasonable under the circumstances and "would . . . significantly disrupt[] the schedules of the court and the prosecution." *Poston*, 902 F.2d at 97.  As discussed *supra*, pretrial proceedings have taken a year and a half.  The Court set this case on trial track last summer and provided the defendant over six months to prepare.  The Court concludes that an additional five-month delay would undermine the public's "strong interest in the prompt, effective, and efficient administration of justice." *Burton*, 584 F.2d at 489; *see also* Order of Oct. 21, 2023, *United States v. Tatum*, 22-cr-120, Dkt. 91 (denying a similar late-stage continuance request that would have delayed trial by 9 months because pretrial proceedings had already lasted a year and a half).

On the other hand, however, is one insurmountable factor weighing in favor of a continuance: "whether the defendant has other competent counsel prepared to try the case." *Jefferson*, 974 F.2d at 204.  Following the January 22, 2024 hearing, the Court has been unable to secure the defendant an appointed attorney who is capable of trying this case by the end of March

6

2024.  Given Mr. Maknoon's withdrawal, at least some continuance is inevitable, and the Court believes that Ms. Stewart represents the likeliest option to ensure that this case proceeds no later than spring 2024.  The Court will thus grant the motion to continue in part, but the Court will deny the motion to the extent it requests a trial date no earlier than July 2024.  Ms. Stewart represents, based on her "January 6 case experience," that "it usually requires two months or more to comb through the material."  Mot. to Continue Trial & Vacate Dates at 3.  The Court will thus grant a two-month continuance and will plan to schedule trial in March or April 2024.

Ms. Stewart, however, has made inconsistent representations to the Court about her availability to try this case under those parameters.  On January 21, 2024 at 3:16 PM, she filed her motion to withdraw in which she represented that she had "no availability prior to March 5, 2024" but was "willing to try to move other commitments."  Mot. to Withdraw as Counsel at 3.  She also noted that the "Court would not allow a continuance into even April 2024 or May 2024 when [she] offered the earlier dates if she could make some significant adjustments to a mostly concrete schedule."[2]  *Id.*  But the following day at a 9:00 AM hearing, Ms. Stewart represented to the Court that the earliest date she could try this case would be May 10 (a Friday) or May 15 (a Wednesday).  It is not clear what changed in the intervening 18 hours, but Ms. Stewart has not alleged that this change is based on conversations with her clients during that period.  *Id.*  Given these divergent representations, the parties shall meet and confer and on or before January 24, 2024 at 9:00 AM file a joint status report proposing three potential trial dates in March or April 2024.

Further, the Court will not grant in full the defendant's request to "proceed anew with defense activities; enter motions, including motions in limine; and to provide responses to motions already submitted by the Government."  Mot. to Continue Trial & Vacate Dates at 3–4.  As

---

[2] These representations also track Ms. Stewart's representations at the January 19, 2024 hearing, in which she stated that she might be able to move around her schedule to accommodate an earlier trial date.

7

indicated in its January 16, 2024 minute order, the Court has adjudicated all pending substantive motions—with the exception of the defendant's Motion in Limine to exclude his 2013 misdemeanor-assault conviction under Rule 609 of the Federal Rules of Evidence. *See* Min. Order of Jan. 16, 2024. After the defendant reviews discovery, however, he is permitted to file a motion to reconsider any of the Court's previous rulings, but the Court will not entertain further pretrial motions absent good cause shown and prior Court approval. *See United States v. Cabrera*, 699 F. Supp. 2d 35, 40 (D.D.C. 2010).

Accordingly, it is

**ORDERED** that defense counsel Maknoon's Motion for Leave to Withdraw as Attorney, Dkt. 54, is **GRANTED**. It is further

**ORDERED** that defense counsel Stewart's Motion to Withdraw as Counsel, Dkt. 64, is **DENIED**. It is further

**ORDERED** that the defendant's Motion to Continue Trial and Vacate Dates, Dkts. 62, 63, is **GRANTED** in part and **DENIED** in part. It is further

**ORDERED** that, on or before January 24, 2024 at 9:00 AM, the parties shall meet and confer and file a joint status report proposing three trial dates in March or April 2024.

*(signature)*
DABNEY L. FRIEDRICH
United States District Judge

January 23, 2024