UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| *v.* | ) | Case No. 1:23-cr-0224 (DLF) |
| | ) | |
| JONATHAN JOSEPH COPELAND | ) | |
| | ) | |
| Defendant. | ) | |

## UNOPPOSED DEFENDANT'S MOTION FOR VIDEO TELECONFERENCE PRETRIAL STATUS CONFERENCE PROCEEDING ON APRIL 23, 2024

Comes now the Defendant, JONATHAN COPELAND, by and through undersigned counsel, and unopposed by the Government respectfully moves this court pursuant to the local Court rules to change the April 23, 2024 in-person Pretrial Status Conference proceeding listed in the ECF No. 69 adjusted Trial Order to instead be held via remote Video Teleconference. Mr. Copeland supports his request as follows:

Mr. Copeland consents to waiving a physical, in-court appearance for the April 23, 2024 proceeding. The government consents to this motion for a remote Video Teleconference (VTC) related to ECF No. 69 which states that "A pre-trial conference will be held on April 23, 2024 at 9:00 a.m. in Courtroom 14 to address any pending motions in limine, jury instructions, voir dire, and objections to proposed exhibits as appropriate. If a second pre-trial conference is necessary, one will be held on April 29, 2024 at 2:00 p.m. in Courtroom 14."

Neither Mr. Copeland nor his attorney are located in the District of Columbia. This District's judges continue to schedule VTC proceedings as agreed to by the Court, defendants, and Government, especially given that many attorneys and defendants for January 6th cases are not located in the District of Columbia. Undersigned is aware that Pretrial conferences and motion

hearings into at least September of 2024 continue to be allowed to use remote VTC. The above request seeks to mitigate expenses in time and travel costs.

Whether for a morning or afternoon conference, the requirement to be in the courtroom the week before trial start combined with airline schedules costs the defense two days of preparation. (A morning hearing requires travel the day prior and an afternoon hearing requires air travel the day after). While a direct flight from Florida if everything is on time may be two and a half hours, there is the travel time to and from airports, along with arrival two hours before flights due to security congestion. There is no privacy available to conduct trial preparations, such as for cross-examination; or with the Defendant and potential witnesses during the many hours of travel in crowded public spaces. Then there is the related uncertainty given that air travel remains tenuous due to airline cancellations and delays that have occurred year round with no warning. And, while the Court is not required to consider monetary expenses, the Defense asks for consideration of the high cost of hotels and increased air travel costs required if a remote VTC is not allowed.

The Defense requests that a remote VTC be allowed on April 23, 2024 so that the travel time may instead be used for trial preparations. The undersigned will be traveling to D.C. from Florida on April 28th to ensure presence on the afternoon of April 29th for a final conference (if that is required), and for the trial start on April 30, 2024.

WHEREFORE, Mr. Copeland requests that for good cause the Court issue the proposed order to change the April 23, 2024 scheduled Pretrial Status Conference from in-person to a remote Video Teleconference.

Dated March 18, 2024                              Respectfully submitted,

                                                                                   /s/ *Carolyn A. Stewart*
Carolyn A. Stewart, D.D.C. Bar No. FL-0098
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Tel: (813) 659-5178
Email: Carolstewart_esq@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify on the 18th day of March 2024, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

                                                                                   /s/ *Carolyn A. Stewart*
                                                                                  Carolyn A. Stewart, Esq.