UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CASE NO. 23-cr-224-DLF |
| : | |
| JONATHAN COPELAND, : | |
| : | |
| Defendant. : | |
| : | |

### UNITED STATES' MEMORANDUM ON
### DEFENDANT'S PRE-SENTENCING DETENTION

Defendant is charged with a nine-count indictment for his behavior at the US Capitol on January 6, 2021. If Defendant is convicted of violating 18 U.S.C. § 111(b), he must be detained pending sentencing. For the other eight counts, and the lesser offense of 18 U.S.C. § 111(a), Defendant may be detained.

***The Law Mandates That Defendant Shall Be Detained Pending Sentencing.***

18 U.S.C. § 3143 governs the matter, and states that for a person found guilty and awaiting sentencing:

> (2) The judicial officer <u>shall</u> order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
>    (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>    (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>    (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2) (emphasis added). Subsection (a)(2)(A) presents a disjunctive: for a defendant to avoid presentencing detention, the judicial officer must find that there is a substantial likelihood that a motion for acquittal or new trial will be granted, or the government must recommend that no sentence be imposed. Neither is the case here.

1

Whether the defendant must be detained thus rests on whether §111(b) assault is one of the crimes described in 18 U.S.C. § 3142(f)(1)(A)-(C). Among other violations, the statute includes any "crime of violence" as a basis for detention. 18 U.S.C. § 3142(f)(1)(A).

Whether an offense is a crime of violence depends on its elements, and not how the crime was actually committed. This approach is modified where the statute in question states more than one separate or "divisible" offense. Section 111 is divisible, s*ee e.g., United States v. Klein*, 533 F.Supp.3d 1, 9 (D.D.C. 2021) (collecting cases), which then allows the Court to consider the language of the indictment and jury instructions in its evaluation. In this case, the Section 111 legal instruction requires that the defendant "did such acts [i.e., assault, etc.] voluntarily and intentionally." ECF 85 (Copeland Revised Criminal Elements) at 6. Moreover, Courts have consistently construed Section 111 to require that a defendant act intentionally. *See United States v. Feola*, 420 U.S. 671, 684 (1975) (Section 111 requires proof of intent to assault); *United States v. Arrington*, 309 F.3d 40, 44-45 (D.C. Cir. 2002) (defendant must use the weapon intentionally). In *Arrington*, the D.C. Circuit reached this conclusion while defining a dangerous weapon as one "capable" of causing serious bodily injury or death and used by the defendant in that manner. *See also United States v. Newman*, No. 23-3120, 2023 WL 8520092, at *3 (10th Cir. Dec. 8, 2023) (conviction under § 111(b) necessarily requires a finding that the defendant intentionally used, attempted to use, or threatened to use physical force against the person of another).

Courts have repeatedly concluded that assault under 111(b) cannot be committed recklessly. *Farmer v. United States*, Civil No. 22-cv-203-LM ---F.Supp.3d ---, 2023 WL 5237907 (D. N.H. Aug. 15, 2023) (collecting cases). And because a 111(b) assault cannot be committed recklessly, it qualifies as a crime of violence. Courts in this district have concluded as much. *United States v. Quaglin*, 851 F. App'x 218, 219 (D.C. Cir. 2021) ("Appellant is charged with violating

2

18 U.S.C. § 111(b) – an offense which is categorically a crime of violence." (citing *Gray v. United States*, 980 F.3d 264, 268 (2d Cir. 2020); *United States v. Brockhoff*, 590 F. Supp. 3d 295, 301–02 (D.D.C. 2022) ("Defendant does not dispute that he is eligible for pretrial detention pursuant to § 3142(f)(1)(A) for having been indicted for a crime of violence, specifically for assaulting, resisting, or impeding certain officers using a dangerous weapon, in violation of 18 U.S.C. §§ 111(a)(1) and (b)."); *United States v. Brown*, No. 21-MJ-565 (ZMF), 2021 WL 4033079, at *3 (D.D.C. Sept. 3, 2021), *aff'd*, No. 21-3063, 2021 WL 5537705 (D.C. Cir. Nov. 17, 2021) ("Brown is charged with assaulting, resisting, or impeding federal officers using a dangerous weapon in violation of 18 U.S.C. § 111(b). Because that offense is categorically a crime of violence, Brown is eligible for pretrial detention."); *United States v. Fitzsimons*, No. 21-CR-158, 2021 WL 4355411, at *3 (D.D.C. Sept. 24, 2021), *aff'd* No. 21-3069, 2021 WL 6102443 (D.C. Cir. Dec. 17, 2021) ("Among other offenses, Fitzsimons is charged with assaulting, resisting, or impeding federal officers resulting in bodily injury in violation of 18 U.S.C. § 111(b). Because that offense is categorically a crime of violence, Fitzsimons is eligible for pretrial detention."); *United States v. Gieswein*, No. CR 21-24 (EGS), 2021 WL 3168148, at *8 (D.D.C. July 27, 2021), *aff'd*, No. 21-3052, 2021 WL 5263635 (D.C. Cir. Oct. 19, 2021) ("[U]sing a deadly or dangerous weapon while assaulting a federal officer is a crime of violence."); *United States v. Krol*, No. CR 22-110 (RC), 2022 WL 16948611, at *4 (D.D.C. Nov. 15, 2022) ("Among other offenses, Krol has been charged with assaulting, resisting, or impeding certain officers using a dangerous weapon, in violation of 18 U.S.C. § 111(a)(1) and (b). Because that offense is categorically a crime of violence, Krol is eligible for pretrial detention."); *United States v. McAbee*, No. CR 21-35-7 (EGS), 2021 WL 6049909, at *7 (D.D.C. Dec. 21, 2021), *reconsideration denied*, No. CR 21-35-7 (EGS), 2022 WL 4016616 (D.D.C. Sept. 3, 2022), *aff'd*, No. 22-3066, 2022 WL 17101252 (D.C. Cir. Nov. 22, 2022)

("[A] defendant charged under 18 U.S.C. § 111(a)(1) and (b) is charged with a crime of violence."); *United States v. Richardson*, No. CR 21-721 (CKK), 2022 WL 252034, at *6 (D.D.C. Jan. 27, 2022) ("Defendant Richardson does not dispute that he is eligible for pretrial detention pursuant to § 3142(f)(1)(A) for having been indicted for a crime of violence, specifically for assaulting, resisting, or impeding certain officers using a dangerous weapon, in violation of 18 U.S.C. §§ 111(a)(1) and (b).").

***Defendant Must Provide an Exceptional Reason to Remain at Liberty Pending Sentencing.***

In certain very limited circumstances, "[a] person subject to detention pursuant to section 3143(a)(2), . . . and who meets the conditions of release set forth in section 3143(a)(1) . . ., may be ordered released, under appropriate conditions, by the judicial officer, *if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate*." 18 U.S.C. § 3145(c) (emphasis added). "Once a defendant is convicted of an offense, a different detention statute, with different presumptions [as compared to pre-trial detention], applies—namely, 18 U.S.C. § 3143. In this circumstance, far from promoting liberty, a court is generally required to detain the defendant as the background rule[.]" *United States v. Wiggins*, 613 F. Supp. 3d 348, 353 (D.D.C. 2020) (Jackson, J.)[1] "Congress did not define the term 'exceptional reasons' in the statute, nor did it provide examples, so, naturally, courts have laid out their own standards." *Id*. (denying pretrial release under Section 3145). "[C]ourts typically understand the phrase to mean circumstances that are 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Lovo*,

---

[1] Some courts have ruled that only courts of appeal can apply 3145(c). *See United States v. Hamm*, 2021 WL 1669973 (giving an overview and textual arguments for the view that district court judges do not have authority to allow release under this provision). *See also United States v. Rausch*, 746 F.Supp.2d 1192 (D. Colorado). This position does not appear to be the majority view in this jurisdiction.

263 F. Supp. 3d 47, 49 (D.D.C. 2017) (quoting *United States v. Hite*, 12-CR-65, 2013 WL 12158577, at *2 (D.D.C. July 30, 2013), *aff'd*, 540 F. App'x 2 (D.C. Cir. 2013)). Moreover, such exceptional reasons "should set the defendant apart from anyone else convicted of a similar crime or crimes." *United States v. Wise*, No. 3:20-CR-46, 2023 WL 4554091, at *3 (E.D. Tenn. July 14, 2023).

Courts in this and other districts have taken a narrow view of what constitutes "exceptional reasons." Among other things:

- Family hardship caused by incarceration is not an exceptional reason. *United States v. Mahabir*, 858 F. Supp. 504, 508 (D. Md. 1994); *United States v. Rodriguez*, 50 F. Supp. 2d 717, 722 (N.D. Ohio 1999).

- The lack of a criminal record is not an exceptional reason. *Wages*, 271 Fed. Appx. 726, 727-28 (10th Cir. 2008); *United States v. Lea*, 360 F.3d 401, 403-04 (2d Cir. 2004).

- A medical condition is not an exceptional reason. *Rodriguez*, 50 F. Supp. 2d at 722.

- The need to care for an elderly parent is not an exceptional reason. *United States v. Wages*, 271 Fed. Appx. at 727-28; *see also United States v. Mellies*, 496 F.Supp.2d 930, 937 (M.D. Tenn. 2007) (same).

- A person's employment, family support, and community connections are not exceptional reasons. *Lovo*, 263 F. Supp. 3d at 51; *see also Mellies*, 496 F.Supp.2d at 937 (positive family support is not an exceptional reason).

- Continuing rehabilitative therapy is not an exceptional reason. *United States v. Sharp*, 517 F. Supp. 2d 462, 465 (D.D.C. 2007).

- The desire to spend time with a young child is not an exceptional reason. *United States v. Bryant*, 873 F. Supp. 660, 663 (N.D. Ga. 1994).

- The pregnancy of a teenage daughter is not an exceptional reason. *United States v. Taliaferro*, 779 F. Supp. 836, 838 (E.D. Va. 1992), *aff'd*, 993 F.2d. 1541 (4th Cir. 1993).

- Being employed is not an exceptional reason. *Lea*, 360 F.3d at 403-04.

- A defendant's low flight risk or lack of danger to the community is not an exceptional reason. *Hite*, 72 F. Supp. 3d 29 at 34. *See also United States v. Khan*, 569 F.Supp. 3d 562, 563 (S.D. Tex. 2021) ("Simply put, being a productive and responsible member of society after the commission of an offense opprobrious enough to be subject to the bright-line detention rule of § 3143(a)(2) is no reason to erase that bright line.")

- Compliance with release conditions is not exceptional: *United States v. Geraghty*, 22-096-10 (CKK), 2023 WL 6199085 at *3 (D.D.C. Sept. 22, 2023)(denying release for 24 hours for defendant, whose crime was aberrational, to attend relative's wedding); *United States v. Mahoney*, 627 F.3d 705 (8th Cir. 2010); *United States v. Smith*, 34 F.Supp3d 541, 554 (W.D. Pa. 2014); *United States v. Posada*, 109 F.Supp.3d 911, 916 (W.D. Tex. 2015)

Finally, while everyone can agree that the events of January 6th were unique, that cannot warrant an exceptional designation, or all January 6th defendants, who are not detained for dangerousness or risk of flight, would be released under 3143. Likewise, because the event was unique, every defendant implicated in the events of January 6th could also argue that her or his actions on that day were aberrant.[2] That cannot make that reason is exceptional. Further, many defendants are compliant with the terms of their pretrial release, appear for proceedings as necessary, and are cooperative with the Probation Office. *Hite*, 72 F. Supp. 3d at 33-45 (denying release despite the defendant's record of living in the community under supervision). Although

---

[2] As to this specific Defendant, it is difficult to see his behavior as aberrant, given that he drove a significant distance to then spend hours on restricted Capitol grounds and inside the Capitol building. It was not a momentary lapse in judgment.

6

commendable, compliance cannot be exceptional. Such compliance is expected. Likewise, the loss of income, or changes in elder and childcare due to incarceration is something experienced by many families. *See Rodriguez*, 50 F. Supp. 2d at 722 (denying release pending appeal because "unfortunately, family hardship is not an unordinary consequence of incarceration."). At its most basic, the question is what makes this defendant exceptional as against every other defendant who has been found guilty of a crime of violence? The answer is nothing.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

Because a violation of Section 111(b) is categorically a crime of violence, it is one of the crimes included in 18 U.S.C. § 3142(f)(A)-(C). This in turn means that 18 U.S.C. § 3143(a)(2) governs the defendant's pre-sentencing detention. The government will be recommending that a prison sentence be imposed, and there is no substantial likelihood that a motion for acquittal or new trial will be granted. For these reasons, and because the defendant will not be able to demonstrate extraordinary reasons beyond what many defendants face, he should not be treated differently from other defendants who have been found guilty of a crime of violence and should be promptly detained if the Court finds him guilty of assault under 18 U.S.C. § 111(b).

          Respectfully submitted,

DATED: May 3, 2024          MATTHEW M. GRAVES
          United States Attorney
          D.C. Bar No. 481052

By:    */s/ Alexandra F. Foster*
       Alexandra F. Foster
       Assistant United States Attorney
       DC Bar No. 470096
       880 Front Street
       San Diego, CA 92101
       (619) 546 6735
       Alexandra.Foster@usdoj.gov

       Kyle R. Mirabelli
       Assistant United States Attorney
       DC Bar No. 5663166
       601 D Street, N.W. Rm. 6-725
       Washington, DC 20530
       (202) 252-7884
       kyle.mirabelli@usdoj.gov