IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-cr-224-DLF |
| | : | |
| JONATHAN COPELAND, | : | |
| | : | |
| Defendant. | : | |

**<u>UNITED STATES' BRIEF REGARDING DEFENDANT'S FAILURE TO ABIDE BY FEDERAL RULE OF CRIMINAL PROCEDURE 26.2 AND COURT'S REVISED PRE-TRIAL ORDER</u>**

The United States, by and through its attorneys, submits this brief in response to the defendant's motion to deny the United States' oral motion to strike defense investigator Steve Hill's April 30, 2024 testimony and for admonishment of the prosecution and a mistrial. ECF 88.

As detailed below, striking testimony is an appropriate remedy for failing to disclose witness statements. Fed. Rule Crim. Pro 26.2(e). However, at this stage in the proceedings, the Government requests compliance with the Court's Revised Pre-Trial Order. ECF 69. Upon evaluation of the statements, and depending on their materiality, striking the testimony, or other appropriate sanctions may be warranted.

**I.    BACKGROUND**

On January 24, 2024, the Court issued a Revised Pre-Trial Order which stated, in relevant part, defense counsel to produce "the reverse Jencks material **no later than 5:00 p.m. the night before** the witness is to testify." ECF 69 at 4. At the conclusion of testimony on April 29, 2024, Government counsel listed its likely witnesses for the next day: Officers Beaver and Adonis and Agent Tran, and the Court and counsel for both parties discussed the plan for trial the following day. During that conversation, the Court and counsel discussed beginning the defendant's case the following afternoon. Government counsel also separately informed Defense counsel that,

depending on what was admitted through Officer Beaver and given the importance of streamlining its case, it may not be calling Commander Bagshaw.

At 8:08 p.m. that evening, Government counsel emailed defense counsel that "[i]t sounds like Mr. Hill may be called as a witness tomorrow and we have not received any reverse Jencks for this witness. Please provide any and all witness statements, electronic communications (including but not limited to text messages, e-mails etc.), reports, or other documents that relate to the subject matter of Mr. Hill's testimony." Defense counsel responded at 10:55 p.m. with a list of six January 6th cases in which Mr. Hill has testified and a selection of transcripts from three of those cases. In preparation for cross examination, the Government reviewed transcripts from Mr. Hill's prior testimony and learned from the Government's cross examination in *United States v. Kenneth Joseph Owen Thomas,* that Mr. Hill had sent instant messages to the defense team in that case while reviewing videos in preparation for testimony. 21-cr-552 (DLF) Tr. Transcript May 19, 2023 at 162-164. Based on that prior practice, the Government specifically sought relevant electronic communications.

On April 30, 2024, after concluding the testimony of the Government's case agent, the Court and parties broke for lunch with the expectation that the defendant's case would begin after lunch. Government counsel approached Defense counsel table before leaving the courtroom in an effort to obtain the outstanding witness statements for Mr. Hill, including any notes or electronic communications that related to the subject matter of Mr. Hill's testimony. To illustrate its belief that such material existed, the Government pointed out that Mr. Hill appeared to be taking notes on a legal pad and yellow sticky notes throughout the trial which may constitute statements related to the subject matter of his testimony.

Defense counsel Stewart refused to provide Mr. Hill's notes or other writings claiming it was "work product" and Mr. Hill's "personal research." Government counsel contested the idea that emails or text messages about the videos Mr. Hill intended to testify about constituted work product, since he was not a lawyer and was instead a testifying witness. Defense counsel Sabatini briefly stated they were open to providing relevant emails; however, none were ever provided. Notably, defense counsel did not offer to turn over the statements at the conclusion of Mr. Hill's testimony nor acknowledge that they were required to do so under the rules or the Court's Pre-Trial Order. Government counsel informed Defense counsel that he would take up the issue with the Court.

Mr. Hill was called as a witness by the defense and testified about what he believed the videos in evidence showed the defendant doing. According to Defense counsel, the purpose of this testimony was to provide an "alternate perspective." On cross-examination, Mr. Hill testified that, in anticipation of his testimony, he reviewed and took notes on specific videos.

## II. LEGAL STANDARD

Under the Rule 26.2, "[a]fter a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order . . . the defendant and the defendant's attorney to produce . . . any statement of the witness that is in their possession and that relates to the subject matter of the witnesses testimony." Fed. Rule Crim. Pro. 26.2. "District courts have 'considerable discretion' in managing discovery[.]" *United States v. Trabelsi,* 2015 U.S. Dist LEXIS 189343 at *5 (D.D.C. 2015) (citing *Parsi v. Daioleslam* 778 F.3d 116, 125, 414 U.S. App. D.C. 162 (D.C. Cir. 2015) (quoting *United States v. Philip Morris Inc.*, 347 F.3d 951, 955, 358 U.S. App. D.C. 226 (D.C. Cir. 2003)). "Striking the testimony of a witness is a drastic remedy [and i]t is not to be lightly done" *Lawson v. Murray*, 837 F.2d 653,

656 (4th Cir. 1988). However, it may be appropriate where, as here, Defense counsel refused to produce a defense investigator's report or notes or emails or any written product relevant to the subject matter of his testimony. *See United States v. Nobles,* 422 U.S. 225 (1975). When a defense "investigator's report was highly relevant to the critical issue of credibility . . . production of the report might substantially enhance 'the search for truth,'" *Id.* at 232 (citing *Williams* v. *Florida,* 399 U.S. 78, 82 (1970)). Under Federal Rule of Criminal Procedure 26.2, the remedy for "disobey[ing] an order to produce or deliver a statement . . . [is] strik[ing] the witness's testimony from the record." Fed. Rule Crim. Pro 26.2(e).

### III. ARGUMENT

The defendant should have been prepared to disclose the materials relevant to Mr. Hill's testimony within the scope of Rule 26.2 in accordance with the Court's Revised Pre-Trial Order. The defendant never contested the timing ordered for disclosure, and now seeks to hang his hat on the timing laid out in Rule 26.2. Similar to *Nobles* where the defense called an investigator witness to impeach the credibility of eyewitness testimony, here, the purpose of calling Mr. Hill at trial was to provide an "alternate perspective" or interpretation of the defendant's actions recorded on the video evidence. More precisely, the testimony was offered to challenge the credibility of the Government case agent's testimony by providing a different impression of what the video evidence depicted. Therefore, Mr. Hill's reports and writings that related to his impressions and evaluation of the video evidence would constitute "statement[s] of the witness . . . that relate to the subject matter of the witnesses testimony." Fed. Rule Crim. Pro. 26.2. Defense counsel's argument that Mr. Hill's notes are "work product" misapprehends the law. The defendant chose to call Mr. Hill as a witness, and therefore, they must treat him as such and turn over his statements.

### IV. GOVERNMENT DID NOT VIOLATE JENCKS ACT

The defendant alleges for the first time that the government has withheld material under the Jencks Act. ECF 88 at 14. The Government timely disclosed its witnesses' Jencks material (reports, notes and emails) pursuant to the Court's pre-trial order. During the week of April 22-26, 2024, the Government met with its witnesses in preparation for trial; however, it did not create any summaries or reports related to these meetings and therefore did not produce any to defense counsel.

The defendant also alleges that certain trial transcripts for Inspector Hawa were not properly disclosed. The Government produced transcripts it was aware of and had in its possession as a courtesy; however, public testimony is not generally considered Jencks material. *See United States v. Pérez-Vásquez*, 6 F.4th 180, 186 (4th Cir. 2021) ("The court rejected the argument that the government violated the Jencks Act, 18 U.S.C.S.§ 3500, by failing to disclose all of an investigator prior testimonies as an expert witness because the transcripts of the witness's prior testimony were public record and, therefore, not Jencks Act material.").

### V. CONCLUSION

Based on the defendant's unjustified failure to comply with the Revised Pre-Trial Order and Federal Rule of Criminal Procedure 26.2, the Court should order disclosure, and depending on the nature of the materials withheld, strike the testimony or issue an appropriate sanction. The Court should not declare a mistrial as the Government has not violated the Jencks Act.

Dated: May 6, 2024  

Respectfully Submitted,

MATTHEW M. GRAVES  
United States Attorney

By:  *s/ Kyle R. Mirabelli*

ALEXANDRA F. FOSTER
D.C. Bar No. 470096
KYLE R. MIRABELLI
N.Y. Bar No. 5663166
Assistant United States Attorneys
601 D Street, N.W.
Washington, D.C. 20579