UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.            ) | Case No. 1:23-cr-0224 (DLF) |
| ) | |
| JONATHAN JOSEPH COPELAND ) | |
| ) | |
| Defendant.      ) | |

**DEFENDANT'S NOTICE AND RESPONSE TO ECF NO. 87 - GOVERNMENT NOTICE OF INTENT TO RECOMMEND PRE-SENTENCING DETENTION**

Comes now the Defendant, JONATHAN JOSEPH COPELAND, by and through undersigned counsel and pursuant to 18 U.S.C. §§3143 and 3145, provides notice that in the event he is convicted of 18 U.S.C. § 111(b) or any crime charged that he intends the following legal standard and argument as a Motion for Pre-Sentencing Release. He provides the following in support:

**I.     INTRODUCTION.**

Mr. Copeland stands by his plea of "not guilty" for all counts. He is not attempting to relitigate here. His argument is that he did not knowingly or intentionally commit any "crime of violence" that would cause this Court to be required to detain him under 18 U.S.C. Section 3143. He testified honestly before the Court at trial, and provided what happened on January 6, 2021 through his eyes and perception. His testimony plus witness examination of video and body worn camera showed that the government did not and could not prove by evidence - outside of the government's own narrated accusatory story that was presented as if it were evidentiary "testimony" - that he intentionally or knowingly committed any crime of violence. The government does not contend that Mr. Copeland is a danger to anyone or that he is a flight risk as applicable to 18 U.S.C. § 3143(a) for Pre-Sentencing detention.

The government's ECF No. 87 only addresses its call to have the Court detain Mr. Copeland in the event it finds him guilty of § 111(b). The government otherwise left its position open as to any other finding of guilt by the Court and presentencing detention by merely stating that the Court can detain Mr. Copeland.

§ 111(a) Assault of a Federal Officer includes simple assault. The government charged § 111(b) for deadly and dangerous weapon and also for intent to commit another felony. In this, the government never provided evidence beyond a reasonable doubt if at all that § 111(a) was forcible contact assault to fall under a crime of violence (defined below). The government also expected the Court to assume that the sign was not pushed and pulled by police before Mr. Copeland touched it to hold it up.

Mr. Copeland prays that the court saw that he did not use the sign as a deadly or dangerous weapon to cause serious bodily injury or death as required under *Arrington*. He did not know anyone around him and did not induce, encourage, entice, or otherwise aid and abet anyone else in committing violence where he could then be labelled as the principal. After the large billboard/sign was pulled by police across the bike racks, the police line held where it had been established, if the finding is about temporary interference. If the Court were to find that Mr. Copeland's push to get the sign out of the crowd somehow temporarily interfered with unidentified and unnamed Metropolitan Police Department (MPD) officers; and that they were officially acting as federal or U.S. officers under Section 1114; a finding of "forcible interference" would not necessarily be a crime of violence. If the Court holds that Mr. Copeland interfered with the MPD to commit a Section 231(a)(3) felony (i.e. interfering with the MPD in order to interfere with the MPD by the same act for civil disorder), that is not a crime of violence. The government's ECF

No. 87 assumed that every Section 111(b) element involves a crime of violence in order to raise the § 3143 mandatory detention clause.

## II. LEGAL STANDARD.

### (a) RELEASE OR DETENTION PENDING SENTENCE.-

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3143(a)

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph **(A), (B), or (C) of subsection (f)(1) of section 3142** and is awaiting imposition or execution of sentence be detained unless-
> (A)
>> (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(b)(2) (Emphasis added)

**Section 3142(f) "DETENTION HEARING" paragraph (1) lists** the following:

> (1) upon motion of the attorney for the Government, in a case that involves-
> **(A) a crime of violence**, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
> (B) an offense for which the maximum sentence is life imprisonment or death;
> (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act ( 21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act seq.) . . .

**18 U.S.C. § 16  ((and as repeated in 18 U.S.C. § 3156(a)(4)) defines "crime of violence":**

**(a)** an offense that has as an element the use, attempted use, or threatened use of physical **force against the person or property** of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.[1]

Thus, for there to be a crime of violence here to invoke Section 3143 mandatory detention, Mr. Copeland must be found beyond a reasonable doubt to have intentionally used, attempted to use, or threatened to use <u>physical force against the MPD officers</u>.

Even given the Section 3143 mandatory detention for a crime of violence, this Court can order release if exceptional circumstances exist:

> **(c) APPEAL FROM A RELEASE OR DETENTION ORDER** . . . A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c) excerpt

### III.   ARGUMENT.

Mr. Copeland should be released for self-surrender if he is convicted of any of the charged crimes because he is not a flight risk, he is not a danger to anyone, and he did not forcibly, violently assault any police on January 6, 2021 as defined under 18 U.S.C. § 16(a) for Section 111 to make this a crime of violence for a mandatory detention by the Court. The government generalized that all assaults are crimes of violence. Yet it omitted in its ECF No. 87 that if the Court finds him guilty of misdemeanor assault § 111(a) based on *interfering with*, *obstructing*, or *impeding* unidentified police, where there was no direct victim of physical contact by him identified in either

---

[1] SCOTUS has found this type of substantial risk clause unconstitutional in other laws.

4

the Indictment or at trial, or the Court finds him guilty of intending to commit another felony, then § 111(b) is not automatically a crime of violence.

### A. The Government Did Not Prove a Crime of Violence Occurred as Defined in 18 USC § 16 Where Without Exceptional Reasons, the Court Must Detain Under Section 3143

In the event the Court finds Mr. Copeland guilty of 18 U.S. Code § 111(a) or (b), that does not automatically make the holding a crime of violence. The government assumes that is so when not every assault meets the statutory definition of a crime of violence as defined in 18 U.S.C. Section 16. The government did not address each of the element's acts (assault, impede, interfere, obstruct et al) to prove beyond a reasonable doubt that this case involves a crime of violence, given that Mr. Copeland made no threatened, intentional, or knowing contact as part of a forcible, physical assault with violence.

In *United States v. Ama*, 2017WL1325247 (10th Cir. April 11, 2017) (UT): The panel held that § 111(a) is not divisible. § 111(a)'s phrase "forcibly assaults, resists, opposes, impedes, intimidates, or interferes" are not separate elements, they are alternative means of forcibly committing the actus reus element. The panel held that even if the term "forcibly" extends to all six means, the offense requires force, but not violent force. The panel noted that "even minor contact, such as laying one's finger on another person without lawful justification is forcible." The holding supports the assertion that "mere forcible contact" that allows for a § 111(a) conviction, does not rise to the level of physical force that automatically makes it a crime of violence.

The government did not correlate its public video exhibits - which did not contain any timestamps regarding the large sign - with any of its timestamped tower video to show whether the sign was already being pushed and pulled by police when Mr. Copeland walked forward a few steps to keep it off his and other people's heads. By not showing the timing, the government did

not prove that Mr. Copeland intentionally or knowingly pushed the sign into anyone - ergo committing a violent criminal act. The government did not show whether the sign was or was not already in contact at the level of or above the police officers' heads when he held it up for seconds as it was pulled forward across the bike racks by police. 18 U.S.C. Section 16(a) is specific, as is the law on assault that divides it into different types where there is simple assault, and then "serious assault" Section 111(b) that requires the intent to commit another felony, where physical injury resulted, or where a dangerous and deadly weapon was used.  Because of the analysis above, the Court is not required to detain Mr. Copeland under Section 3143 for a crime of violence unless it finds that he intentionally used the sign as a deadly and dangerous weapon to assault police, and there was a physically assaulted victim. "Could have been" is not the legal standard for force here.

**B.  If the Court Holds That Mr. Copeland Knowingly and Intentionally Committed a Crime of Violence as defined Under 18 U.S.C. Section 16(a), Mr. Copeland Can Be Released Given Exceptional Circumstances**.

§ 3145(c) was intended to provide "an avenue of relief" from the mandatory provisions of the *Bail Reform Act. United States v. Herrera-Soto, 961 F.2d 645, 647 (7th Cir. 1992)*. While the "exceptional reasons" provision of § 3145 authorizes an appeal of a detention order, circuit courts have interpreted "judicial officer," as used in § 3145, to include district court judges and concluded that jurisdiction exists in the district courts. See e.g., *United States v. Jones, 979 F.2d 804, 806* (10th Cir. 1992); *United States v. Herrera-Soto, 961 F.2d 645, 647* (7th Cir. 1992); *United States v. DiSomma, 951 F.2d 494, 496* (2nd Cir. 1991); *United States v. Carr, 947 F.2d 1239, 1240* (5th Cir. 1991).˙ Therefore, under § 3145(c), a district court can grant release pending sentencing if a

---

˙ While the Eighth Circuit has not considered the issue directly, in <u>United States v. Mostrom, 11 F.3d 93</u> (8th Cir. 1993), the court considered a district court order releasing a defendant based upon exceptional reasons. The district court concluded that "§ 3145(c) [was] not limited to reviewing courts; district courts may release a defendant who has been convicted." *Id*. at 94. While the Eighth Circuit reversed the district court's order because no exceptional reasons existed, the Eighth Circuit assumed without discussing that the district court had the authority to review its initial detention order for exceptional reasons. *Id*.

defendant can show, by clear and convincing evidence, that (1) he is not a flight risk; (2) that he poses no danger to the safety of others; and (3) that there are exceptional reasons why such person's detention would not be appropriate.

Exceptional reasons are not narrowly limited, and courts allow for a wide variety of reasons to balance the ends of justice and the circumstances of a defendant prior to the sentence. A district court has "broad discretion ... to consider all the particular circumstances of the case before it and [to] draw upon its broad `experience with the mainsprings of human conduct.'" *United States v. Harris*, 451 F. Supp. 3d 64, 71 (D.D.C. 2020). The following cases show that federal district courts have granted defendants' motions pursuant to *18 U.S.C. §3145(c)* for a variety of circumstances: *United States v. Kaquatosh, 252 F. Supp. 2d 775 (E.D. Wis. 2003)* ("exceptional reasons" requirement met where defendant did "exceptionally well while on pre-trial release," completed a drug treatment program and had not tested positive for drugs or alcohol; and employment allowed him to support his family); *United States v. Charger, 918 F. Supp. 301 (D. S.D. 1996)* ("exceptional reasons" because defendant's family, rather than prison, would be the best environment to aid in defendant's rehabilitation prior to sentencing and likely granting of downward departure in familial assault case on Indian reservation); *United States v. Scott, 1995 U.S. Dist. LEXIS 17820 (E.D. Tex. 1995)* (need to assist a sick parent, including contributions from employment); and *United States v. Cantrell, 888 F. Supp. 1055, 1057-58 (D. Nev. 1995)* ("exceptional reasons" because defendant "had been participating in a substance abuse program, and he would benefit more from outpatient treatment at this time than from incarceration.").

While the government omnisciently discounts there being any acceptable exceptional reasons, Mr. Copeland could argue aberrational conduct, given that he found himself confused and

in a sensory overload about what was happening when all he wanted was to be in the front so he could see President Trump. He was far away and unable to hear anything well while at the Ellipse and got near the front at the Capitol. The government mischaracterized his early departure from the Ellipse rather than taking his testimony for what it was. His conduct was aberrant because he is not the type of person who got close to others in encounters with police. He is not the person who rushes to the front to get into a store on Black Friday shopping day. His behavior of wanting to be near the front was aberrant. *See United States v. Mutte*, 383 Fed.Appx. 716, 718 (10th Cir. 2010) (affirming order of release pending sentencing in assault resulting in serious bodily injury case based on compliance under supervision and aberrant nature of conduct); *see* also *United States v. Wiggins*, 613 F. Supp. 3d 348, 356 (D.D.C. 2020) (citing *United States v. Garcia*, 340 F.3d 1013, 1019 (9th Cir. 2003), noting that exceptional reasons must be "particular to the defendant"); Garcia, 340 F.3d at 1019 ("one exceptional circumstance that might justify release under § 3145(c) would be that the defendant's criminal conduct was aberrational"). Also see *United States v. Syzmanski*, 2009 WL 1212249, at *2 (N.D. Ohio Apr. 30, 2009) (citing *Garcia* and noting that conduct was "aberrational", and defendant had no criminal history); *United States v. Phillips*, 2023 WL 4540479, at *3 (E.D. Wash. July 13, 2023) (authorizing release pending sentencing in part because defendant had "been successful on pretrial release").

While the government could cite a list of cases where judges in the District have denied Pre-Sentencing release because exceptional circumstances were not judged to have existed, this case must be considered on its own. Mr. Copeland's exceptional circumstances are provided in a separate restricted/sealed attachment.

Of note, in this case, the Court would be imposing a prison sentence prior to sentencing. The Pre-Sentencing Investigation Reports for January 6th cases in this District are requiring 90

days, in addition to time required for objections, preparation of sentencing memorandums and then scheduling coordination for the actual sentencing.

**C. Mr. Copeland Should Remain on Release Because He is Not a Flight Risk.**

After approximately 45 days in jail, Mr. Copeland was released on bond in 2022. He was adjudged as not being a flight risk. He has made all court appearances and complied with all his conditions of release. He is rebuilding his employment and is tied to his community and family. He has no money to flee. He has no connection to flee. He has no reason to flee and will face any potential sentence. The government made no assertion that he is a flight risk.

**D. Mr. Copeland Should Remain on Release Because He is Not a Danger to Anyone or Any Group.**

Mr. Copeland was released in 2022 because he was not a danger to anyone and was not assessed as posing any future risk of danger to anyone or any group. He has not committed any crimes and has been compliant with all conditions of release. There is nothing to indicate or infer that he will be dangerous to anyone if he is allowed to remain on bond.

**IV.   CONCLUSION.**

The Court has jurisdiction and the discretion to grant this if it becomes a motion under *18 U.S.C. § 3145(c)* if the Court convicts on a "crime of violence" under 18 U.S.C. Section 16(a), or otherwise considers whether to detain him prior to sentencing. Mr. Copeland showed that he is not a flight risk and that he does not pose a danger to anyone. He provided exceptional reasons for continued release on bond pending sentencing.

WHEREFOR, Mr. Copeland respectfully requests the Court allow him to remain free on bond pending his sentencing for any convictions in his case.

Dated May 6, 2024            Respectfully submitted,

/s/ *Carolyn A. Stewart*
Carolyn A. Stewart, D.D.C. Bar No. FL-0098
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Tel: (813) 659-5178
Email: Carolstewart_esq@protonmail.com

### CERTIFICATE OF SERVICE

I hereby certify on the 6th day of May 2024, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ *Carolyn A. Stewart*
Carolyn A. Stewart, Esq.