UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:23-cr-0224 (DLF) |
| ) | |
| JONATHAN JOSEPH COPELAND ) | |
| ) | |
| Defendant. ) | |

### UNOPPOSED DEFENDANT'S MOTION TO EXTEND TIME FOR POST-VERDICT FILING(S)

Comes now the Defendant JONATHAN JOSEPH COPELAND by and through undersigned counsel and hereby respectfully moves the Court pursuant to Fed R. of Crim. P. Rule 45(b) for a thirty (30) extension of time to file any post-verdict motions under Fed R. Crim. P. 29 or 33 based on good cause. If the instant motion is granted, post-verdict motions that are currently due on May 22, 2024 would instead be due by June 21, 2024. He supports his request as follows:

I.   **BACKGROUND**:

Mr. Copeland's bench trial was held on April 29, 2024 through May 1, 2024.

The Court delivered its verdict on May 8, 2024. Prior to issuing its verdict, the Court denied Mr. Copeland's previous Rule 29 motion that had been made at the end of the government's case, where the Court reserved judgment.

Mr. Copeland was committed on May 8, 2024 based on a finding of guilt for 18 U.S.C. Section 111(b).

Mr. Copeland's sentencing is scheduled for September 18, 2024 with sentencing memoranda due by August 28, 2024.

With the extension granted and any motion due by June 21, 2024, the government Response will be due on or before July 8, 2024.

**II.   LEGAL STANDARD**:

Under the Federal Rules of Criminal Procedure for extending time:

(1) *In General.* When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made:
  (A) before the originally prescribed or previously extended time expires; or
  (B) after the time expires if the party failed to act because of excusable neglect.

Fed R. Crim. P. Rule 45(b)(1)

Both Fed R. Crim. P. Rule 29(c) and 33(b) state that a filing after a guilty verdict must be made in 14 days.

When a Rule 29 motion is made during trial and the decision is reserved, the motion is decided on the basis of the evidence at the time the ruling was reserved:

The court may reserve decision on the motion, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict. If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved.

Rule 29(b)

**III.   ARGUMENT**.

Mr. Copeland's May 8, 2024 commitment still as of this date has him in housed in the D.C. Detention Center in solitary (referred to as "the hole") and not yet in the "J6 Pod." He has no tablet and has been unable to communicate with the undersigned. There are matters for any post-trial motion that require communication with him when he is finally allowed to communicate. His communications will be limited to fifteen minute calls with a mandatory twenty minute interval between calls. This in and of itself will cause delays in preparing any filing.

The undersigned ordered the verdict transcript and will immediately order the trial transcripts upon approval of this motion. Delivery of the trial transcripts will then take thirty days.

The undersigned will require time after transcript delivery to refer to transcript cites and to ensure all relevant facts are included in any motion(s).

The government does not oppose the extension of time. Such extension will not prejudice the prosecution or negatively impact the schedule prior to sentencing.

IV.     CONCLUSION.

Because of the good cause shown above, where Mr. Copeland is within the Federal Rules of Criminal Procedure in requesting that time be extended, and for the interests of justice to be served where no party is prejudiced, the Court should approve this Motion.

Wherefore, given good cause shown and any other reasons the Court sees fit, the Court should issue the proposed order that extends Mr. Copeland's time for filing post-verdict motions until June 21, 2024; and allowing for the holiday weekend for the government to Respond by July 8, 2024, and with any Reply due by July 15, 2024.

Dated May 15, 2024                                           Respectfully submitted,

_____                                     /s/ *Carolyn Stewart*
ANTHONY F. SABATINI                                          Carolyn A. Stewart, Esq.
FL Bar No. 1018163                                           D.D.C. Bar No. FL-0098
anthony@sabatinilegal.com                                    Stewart Country Law PA
SABATINI LAW FIRM, P.A.                                      1204 Swilley Rd.
411 N DONNELLY ST, STE #313                                  Plant City, FL 33567
MOUNT DORA, FL 32757                                         Tel: (813) 659-5178
T: (352)-455-2928                                            Email: Carolstewart_esq@protonmail.com
Attorney for Defendant                                       Attorney for Defendant

**CERTIFICATE OF SERVICE**

    I hereby certify on the 15th day of May 2024, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

                                                                      /s/ *Carolyn A. Stewart*
                                                                      Carolyn A. Stewart, Esq.