UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:23-cr-0224 (DLF) |
| ) | |
| JONATHAN JOSEPH COPELAND ) | |
| ) | |
| Defendant. ) | |

**UNOPPOSED MOTION TO CONTINUE SENTENCING**

Comes now the Defendant, JONATHAN JOSEPH COPELAND, by and through undersigned counsel, and respectfully moves this Court under the Federal Rules of Criminal Procedure Rule 32 to continue his scheduled sentencing date of September 18, 2024, until November 2024, and to adjust the scheduled associated dates for the Presentence Investigation Report (PSR), objections, and sentencing memoranda in the above-captioned matter.

**I.   BACKGROUND**

Mr. Copeland's trial concluded on May 1, 2024. The Court issued its oral verdict on May 8, 2024 and set a sentencing date for September 18, 2024. The minute Order required that on or before August 28, 2024, the parties file their sentencing memoranda, and on or before September 9, 2024, the parties file any oppositions. The Court established the sentencing date based on Probation Services requiring 90 days until early August 2024 to complete its draft and final Presentence Investigation Report (PSR), where the draft involves a 14-day period to file objections.

The D.C. jail bungled multiple scheduled phone conferences to conduct Mr. Copeland's interview with the PSR investigating officer and counsel where the jail did not produce Mr. Copeland. The PSR Officer now requests an in-person interview at the jail or even at the

courthouse by having the U.S. Marshals produce Mr. Copeland. The estimates for the draft PSR are for approximately six weeks after the interview. Counsel have 14 days to file any objections to the draft.

The first availability for at least one counsel to be present in D.C. for an in-person PSR interview is August 5 -7, 2024. The PSR Officer is scheduling the interview at the courthouse for August 7, 2024. As a note, even if counsel had been able to travel to D.C. in this next week, which they could not, the PSR Officer estimated that delivery of the draft would be by or after mid-August. This would have been at odds with the August 2024 schedule requirements for the final PSR, sentencing memoranda and objection responses.

Ms. Stewart has a trial that begins on September 30, 2024, with pretrial legal requirements and preparation extending back into late August 2024. Mr. Sabatini also has many scheduled requirements on his schedule during the July - October timeline. Both are representing co-defendants for a trial that starts on November 18, 2024, with preparations running back into October 2024.

## II.   LEGAL STANDARD

Fed. R. Crim. P. Rule 32 allows the judge to set the sentencing date, and identifies requirements for the PSR.

"It is firmly established that the granting or refusal of a continuance is a matter within the discretion of the judge who hears the application, and is not subject to review absent a clear abuse." *United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978).

## III.   DISCUSSION

The requirement for a change in the sentencing date arises from the D.C. jail's failure to produce Mr. Copeland multiple times for a scheduled interview so that the PSR could go forward

for investigation and reporting. He has not previously requested a continuance to sentencing. The Court's review of a motion to continue depends on many factors and includes:

> (1) the length of the requested delay;
> (2) whether other continuances have been requested and granted;
> (3) the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court;
> (4) whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived;
> (5) whether the defendant contributed to the circumstance which gives rise to the request for a continuance;
> (6) whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature;
> (7) and other relevant factors which may appear in the context of any particular case.

*Burton*, 584 F.2d at 491.

The requirement for a continuance here is for legitimate reasons and not due to any delay, intentional act, or cause by the Defendant. The time period is reasonable given the requirements for a final PSR. The delay by the D.C. jail already imposed an inconvenience on the Defense given existing schedules with dates that are no longer flexible. Mr. Copeland agrees with the continuance and wants to ensure his counsel can devote the time needed for any objections to the PSR and in preparing for his sentencing. After consultation, he believes it would be significantly prejudicial to him to try to force in an earlier sentencing date while his counsel are immersed in other scheduled legal matters. He requests the continuance to allow for sentencing preparation where he expects to be sentenced to a prison sentence given his convictions, and sees only the detriment caused by the stress of awaiting his sentence.

The length of the continuance is reasonable given the requirement for an in-person interview, and the subsequent actions required by Defense counsel, whose schedules leave little flexibility prior to December 2024.

Given an in-person interview on August 7, 2024, the draft PSR should be ready by September 16, with the objections due back to the PSR officer and filed under seal by the week of September 30, 2024 (when one counsel starts a trial). The final PSR should be directed then for October 15, 2024. Using these adjusted timelines, the sentencing memoranda should be scheduled as due by October 25, 2024 with Responses due by November 8, 2024. The sentencing should then be scheduled for November 15, 2024 if the Court is available. An alternate date is for either the early morning or the afternoon of November 22, 2024 when defense counsel expect another trial to have been completed, or may reasonably ask for the judge for a period of excusal for Mr. Copeland's sentencing.

### IV.     **CONCLUSION**

The current schedule for sentencing is untenable given the delay in the PSR interview. Because the PSR interview was delayed due to the failure of the D.C. jail, Mr. Copeland's requested continuance for his sentencing will allow him to not be prejudiced and where his counsel can be afforded the appropriate time to provide him the best representation, while also recognizing the time constraints of the government.

WHEREFORE, Mr. Copeland without opposition respectfully requests that the Court continue his sentencing until November 15, 2024 as shown in the attached proposed order, or alternately adjusted accordingly for sentencing on November 22, 2024.

Dated July 3, 2024 				Respectfully submitted,


| | |
|---|---|
| /s/ | /s/ *Carolyn A. Stewart* |
| ANTHONY F. SABATINI | Carolyn A. Stewart |
| FL Bar No. 1018163 | D.D.C. Bar No. FL-0098 |
| anthony@sabatinilegal.com | Stewart Country Law PA |
| SABATINI LAW FIRM, P.A. | 1204 Swilley Rd. |
| 411 N DONNELLY ST, STE #313 | Plant City, FL 33567 |
| MOUNT DORA, FL 32757 | Tel: (813) 659-5178 |
| T: (352)-455-2928 | Email: Carolstewart_esq@protonmail.com |
| Attorney for Defendant | Attorney for Defendant |

## CERTIFICATE OF SERVICE

I hereby certify on the 3rd day of July, 2024, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ *Carolyn A. Stewart*
Carolyn A. Stewart, Esq.