UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:23-CR-0224 (DLF) |
| | : | |
| JONATHAN JOSEPH COPELAND, | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S POST-VERDICT RULE 29 MOTION FOR A JUDGMENT OF ACQUITTAL, ECF 97, AND POST VERDICT RULE 33 MOTION FOR A NEW TRIAL, ECF 98**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this response in opposition to the Defendant, Jonathan Joseph Copeland's Post-Verdict Rule 29 Motion for a Judgment of Acquittal, ECF 97, and in opposition to Defendant's Post Verdict Rule 33 Motion for a New Trial, ECF 98. Both motions should be denied in all respects.

**I.  Background**

A bench trial in this matter commenced on April 29, 2024, and concluded on May 1, 2024. *See* 04/29/24, 04/30/24, and 05/01/24 ECF Minute Entries. The Defendant moved for acquittal under Rule 29 after the close of the Government's case and at the close of evidence. Both motions were denied. The Court issued its oral verdict on May 8, 2024, finding the Defendant guilty of Counts 1 (Civil Disorder), 2 (Assault on a Federal Officer with a Dangerous Weapon), 3 (Civil Disorder), 4 (Entering and Remaining on Restricted Grounds with a Dangerous Weapon), 5 (Disorderly Disruptive Conduct on Restricted Grounds with a Dangerous Weapon), 6 (Engaging in Physical Violence on Restricted Grounds with a Dangerous Weapon), 8 (Act of Physical Violence on Capitol Grounds) and 9 (Parading, Demonstrating Or Picketing In A Capitol

Building), and not guilty on Count 7 (Disorderly Conduct in a Capitol Building). 05/08/24 ECF Minute Entry.

Following the Court's verdict, the government moved for mandatory detention of the defendant pursuant to 18 U.S.C. §§ 3143(a)(2) and 3142(f)(1)(A); the Defendant opposed; and the Court detained the Defendant. 05/08/24 ECF Minute Entry. Sentencing is currently scheduled for September 18, 2024, although defense counsel has filed an unopposed motion to continue it. 05/08/24 ECF Minute Entry, ECF 100.

On May 15, 2024, the Defendant filed an unopposed motion for an extension of time to file its post-verdict motions. ECF 96. The Court granted the motion. 05/20/24 ECF Minute Entry. The Defendant filed his motions on June 21, 2024. ECF 97. 98. On July 1, 2024, the Government filed an unopposed motion for extension of time to file its response. ECF 99. The Court granted the Government's motion. 07/02/2024 ECF Minute Order. The Government hereby files its opposition.

## II. Legal Standards

### A. Federal Rule of Criminal Procedure 29

Federal Rule of Criminal Procedure 29 permits a defendant to move for judgment of acquittal at the close of the government's case in chief or at the close of all evidence on the ground that the evidence presented is "insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The Court must consider the evidence "in the light most favorable to the government" to determine if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Shi*, 991 F.3d 198, 205 (D.C. Cir. 2021) (citations omitted). Stated otherwise, "a judgment of acquittal is warranted 'only when there is no evidence upon which a reasonable mind might find guilt beyond a reasonable doubt.'" *United States v. Khanu*, 675 F.

Supp. 2d 55, 60 (D.D.C. 2009) (quoting *United States v. Byfield*, 928 F.2d 1163, 1165 (D.C. Cir. 1991)).

When considering a Rule 29 motion after a verdict, the Court "must view the evidence in the light most favorable to the verdict, and must presume that the [trier of fact] has properly carried out its functions of evaluating the credibility of witnesses, finding the facts, and drawing justifiable inferences." *United States v. Campbell*, 702 F.2d 262, 264 (D.C. Cir. 1983). Credibility determinations are for the factfinder. *See United States v. Williamson*, 81 F. Supp. 3d 85, 89 (D.D.C. 2015); *see also Glasser v. United States*, 315 U.S. 60, 80 (1942) (courts should not "weigh the evidence or determine the credibility of witnesses"). "If the evidence reasonably permits a verdict of acquittal or a verdict of guilt, the decision is for the factfinder to make," and the motion must be denied. *United States v. Jabr*, No. CR 18-0105 (PLF), 2019 WL 13110682, at *4 (D.D.C. May 16, 2019) (granting Rule 29 motion as to completed § 1752(a)(1) offense, denying Rule 29 motion as to attempt to commit § 1752(a)(1), and finding the defendant guilty of same following a bench trial) (citing *United States v. Jemal*, Criminal No. 05-0359, 2007 WL 778623, at *3 (D.D.C. March 12, 2007); *United States v. Sutton*, 801 F.2d 1346, 1358 (D.C. Cir. 1986)).

As a theoretical matter, "the same standard guides a district court in resolving a Rule 29 motion whether in the context of a bench or jury trial." *Id.* at *4. In practice, however, "[i]n a bench trial, the judge acting as the trier of both fact and law implicitly rules on the sufficiency of the evidence by rendering a verdict of guilty." *United States v. Atkinson*, 990 F.2d 501, 503 (9th Cir. 1993) (holding that "no motion for acquittal is necessary in a bench trial in order to preserve for appeal a challenge to the sufficiency of the evidence"). Accordingly, a majority of circuits, including the D.C. Circuit, have held that "the failure to move for a judgment of acquittal does not foreclose an attack on the sufficiency of the evidence on appeal." *United States v. Whitlock*, 663

3

F.2d 1094, 1097 n.24 (D.C. Cir. 1980) (opinion of Robinson, J.) (collecting cases). This is so, because where the factfinder and the court are one and the same, a trial court's guilty verdict requires the court to have already concluded that there is *more than* a sufficiency of the evidence. "Rule 29 protects a defendant against an improper or irrational verdict of the jury." *United States v. Grace*, 367 F.3d 29, 34 (1st Cir. 2004) (internal quotations omitted). As such, it would be "odd to suggest that trial judges must be given the opportunity with a Rule 29 motion to protect themselves from their own capriciousness." *Id.*

    B. <u>Federal Rule of Criminal Procedure 33</u>

Rule 33 permits the Court to vacate the judgment and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). "In order to grant a new trial, the evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand. This power should be exercised with caution, and is invoked only in those exceptional cases in which the evidence weighs heavily against the verdict." *United States v. Edmonds*, 765 F. Supp. 1112, 1118 (D.D.C. 1991) (internal citations and quotation marks omitted).

The defendant bears this heavy burden under Rule 33, and to meet it he "must show that (1) there was a substantial error and (2) the error affected the defendant's substantial rights." *Williamson*, 81 F. Supp. 3d at 89.

The defendant has not met Rule 29's "demanding standard" and has shown no "substantial error" to warrant application of Rule 33. Both of his motions should therefore be denied in their entirety. *See United States v. Borda*, 768 F. Supp. 2d 289, 292 (D.D.C. 2011); *Williamson*, 81 F. Supp. 3d at 89.

//

//

### C. Defendant Presents No Basis For Acquittal Under Rule 29

#### i. Not Disclosing Other Defendants' Culpability, Or Lack Thereof, Is Not A Brady Violation

Oddly, the Defendant makes no allegation that the government failed to prove a specific element of any of the offenses for which he was convicted. He instead cites to *other* defendants who were involved in assaulting a cameraman[1] and pushing the Trump sign into the police on the West Front. The Defendant appears to assert that because these other defendants were guilty, he was innocent. Alternatively, the Defendant argues that if the Court had been made aware of other defendants' culpability, it would have found the Defendant credible and therefore not guilty. The Defendant bases these assertions on a Criminal Complaint in *U.S. v. Burlew* (ECF 97-1), a Statement of Elements and Facts for a Stipulated Trial in *U.S. v. Hamner* (ECF 97-2), a Criminal Complaint in *U.S. v. Knight* (ECF 97-3), the Government's Sentencing Memorandum in *U.S. v. McHugh* (ECF 97-4) and the Statement of Offense underlying a Plea Agreement in *U.S. v. Neefe* (ECF 97-5). Ignoring the fact that all of these documents are publicly available, the underlying facts do nothing to change the verdict or findings in this case.

In the *Burlew* Complaint, the Agent, who was understandably focused on Burlew's behavior, stated that the cameraman "is approached and becomes engaged in a verbal altercation with … UNSUB-6 [later identified as the Defendant] …." ECF 97-1 at 12. From this snippet of a sentence, the Defendant asserts that the *Burlew* Complaint "shows that Mr. Copeland used words only where multiple videos and audio showed no push or threat by him." ECF 97 at 7. The still

---

[1] The Defendant was not charged with assaulting a cameraman. The Government introduced evidence of the Defendant's involvement with the cameraman to provide context for and evidence concerning Defendant's intent for Counts 2 (Assault on a Federal Officer with a Dangerous Weapon), 3 (Civil Disorder), 5 (Disorderly Disruptive Conduct on Restricted Grounds with a Dangerous Weapon), 6 (Engaging in Physical Violence on Restricted Grounds with a Dangerous Weapon), and 8 (Act of Physical Violence on Capitol Grounds).

5

image in the *Burlew* Complaint (97-1 at 12) appears to be pulled from the same video as Exhibit 419A, which was admitted in this case. The Court viewed Exhibit 419A and determined that "Exhibit 419A starting around 0:20 shows a group of rioters pushing around a reporter as they yelled 'get out of here.' Mr. Copeland appears at 0:32 and is then seen pushing the reporter several times in Exhibit 419A. He then yells at the journalist 'get out of here' and points away from the Capitol building. He then shouts again 'go' as other rioters are seen pushing the reporter off a ledge. Mr. Copeland testified that he intervened to 'make sure the journalist was okay.' That's day 3 transcript at 87. But this testimony was not credible at all. The video plainly shows Mr. Copeland shoving the reporter and angrily shouting at the reporter to get out and go. Mr. Copeland's yelling and shoving and encouragement of other rioters pushing the reporter off the ledge together constitute direct infliction or threat of infliction of bodily harm." 05/08/23 at 44-45. Nothing in the *Burlew* Complaint counters the Court's Findings of Fact as to what the Defendant did to the journalist, as reflected in Exhibit 419A.

The Defendant references defendants Hamner, McHugh, Knight, Padilla, and Neefe to argue that:

- Hamner was more culpable than the Defendant ("[p]age 6 of the Hamner exhibit shows what a deliberate push looks like" (ECF 97 at 9));

- the Trump sign was upright at the Peace Circle at 1:40 p.m. ("image 20 [in McHugh Sentencing Memorandum] … shows the benign upright sign by the Peace Monument." (ECF 97 at 10));

- still images in other filings reflect that the police were not hit by the sign ("image 13 [in Knight Complaint] "shows the exculpatory material that no police were hit by the

6

sign" (ECF 97 at 9); Images 22 and 23 in the McHugh Sentencing Memorandum "show that no officers were hit by the sign." (ECF 97 at 10));

- Padilla was found not guilty (if the Court had considered "Hamner and Padilla Brady material … [it] would have acquitted Mr. Copeland of any charge related to assault as did Judge Bates for Mr. Padilla." (ECF 97 at 9)); and

- Neefe pled guilty to assault based on facts that were indistinguishable from the facts in this case (Neefe's "hands were on the large metal sign frame for at least 10 seconds, including while the sign made contact with the line of officers." (ECF 97 at 10)).

The Defendant repeatedly identifies these public filings as *Brady* material. Since none of these materials are exculpatory, and the Defendant had access to the filings, the third-party videos and the body worn cameras prior to trial, the assertion of *Brady* is misplaced.

To briefly summarize, the Government agrees that:

- Other individuals also assaulted the camera man.

- At some point, the Trump sign was upright.

- Other individuals also pushed the Trump sign into the police line.

- Police officers were standing upright before and after the sign hit them.

- Judge Bates found Padilla not guilty of assault with the Trump sign (though he found Padilla guilty of ten other counts and ultimately sentenced Padilla to 78 months' incarceration).

- Neefe pled guilty to assault with a dangerous weapon under 18 U.S.C Sec. 111(b) for pushing the Trump sign into the police line for 10 seconds.

Even if the Court were to accept these facts, none of them are relevant to the Defendant's conduct, his knowledge, or his intent; none of it is *Brady* material insofar as it exculpates the

7

Defendant or supports sentencing mitigation; and none of it warrants acquittal on the counts of conviction against the Defendant. All in all, the Defendant's claims are meritless.

### ii. The Defendant Has Identified No Due Process Violation

The Defendant argues that the information discussed above also violated the Defendant's due process. He provides no details as to the basis of the violation. Nor does he provide any case law – let alone citation – as to the legal basis underpinning his motion. This bald assertion unsuitable to address.

The Defendant next argues that the Court's reliance on a draft trial transcript is a due process violation. 28 U.S.C. § 753(b) mandates a recording of "all proceedings in criminal case had in open court." Further, "[u]pon the request of … a judge of the court, the [court] reporter … shall promptly transcribe the original records of the requested parts of the proceedings and attach to the transcript and deliver the same to the … judge making the request." *Id*. Finally, the statute confirms that "[t]he transcript in any case certified by the reporter … shall be deemed prima facie a correct statement of the testimony taken and proceeding had." *Id*.

The Court's reliance on the official transcript of the Court proceedings was reasonable and consistent with the dictates of the statute. *See, e.g., United States v. Rush*, 666 F.2d 10 (2d Cir. 1981) (noting that the judge apparently was relying, as does the majority, on the provision in 28 U.S.C. (§) 753(b) stating that "(t)he transcript in any case certified by the reporter shall be seemed prima facie a correct statement of the testimony taken and proceedings had").

Similarly, appellate courts have blessed review of official transcripts in cases where juries were the factfinders. *See, e.g., United States v. Escotto*, 121 F.3d 81 (2d Cir. 1997) (In responding to deliberating jury's request for readback of trial testimony of key prosecution witnesses, district court did not abuse its discretion by providing jury with copies of transcripts of witnesses'

8

testimony in lieu of readback; written transcripts provided jury more efficient method than readbacks of sorting through lengthy portions of testimony.); *United States v. Criollo*, 962 F.2d 241 (2d Cir. 1992) (District court's response to the jury's request for readback should balance the jurors' need to review evidence before reaching their verdict against difficulty involved in locating testimony to be read back, possibility of undue emphasis on particular portion of testimony read out of context, and possibility of an undue delay in trial.).

> iii. *The Government Introduced Sufficient Evidence For A Rational Factfinder To Conclude That The Defendant Assaulted A Federal Officer And Engaged In An Act To Interfere With Law Enforcement During A Civil Disorder*

The Defendant also posits the legal arguments that (1) the assault and civil disorder counts are unconstitutional; (2) the Metropolitan Police Department (MPD) officers were not properly on Capitol grounds, and (3) there was no assault since no officer was specifically named. As an initial matter, none of these arguments are appropriate for a Rule 29 motion. Rule 29 covers whether the evidence presented was "insufficient to sustain a conviction." Nonetheless, the Government will briefly address the allegations.

As to (1), the Defendant argues that:

> Indeed, the allegation for assault was that it was committed to commit the same assault for the Civil Disorder charge, where no link to any concurrent obstruction of commerce or a federal function, knowing action, or intent had to be show [sic]. In effect, the Civil Disorder charge was a tautology. Mr. Copeland is alleged to have committed assault to commit civil disorder assault. This makes the Civil Disorder charge unconstitutional s [sic] applied.

ECF 97 at 15.[2] These assertions misrepresent the elements required to prove assault and civil disorder. The Court covered the elements thoroughly both in its instructions and then again during

---

[2] The Government does not address the allegation that the assault charge was unconstitutional, because although initially asserted, the Defendant raises no factual or legal claim that the assault statute was unconstitutional. ECF 97 at 15.

9

the reading of the verdict. *See* 05/08/24 Tr. at 7-22 (Assault); 23-35 (Civil Disorder, to include a specific discussion of federally protected function at 32-35).

As to (2) and (3), the Court correctly set out the element that the Government was required to prove in its jury instructions and then again in court. Specifically, the Government had to prove that "the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with one or more officers of the United States or any person assisting such an officer." 05/08/24 Tr. at 7. There is no requirement that the Government prove that MPD officers were properly invited onto Capitol grounds,[3] nor is it required to prove which specific officer the Defendant assaulted, resisted, opposed, impeded, intimidated or interfered with.

Based on all of the evidence introduced at trial, a rational factfinder could conclude that the Defendant was guilty on all counts.

//

//

---

[3] The Court found that "[USSS and USCP] Inspectors Hawa and Baboulis testified that the MPD played a formal role in defending the Capitol on January 6, and, in any event, the defense overreads Section 111, Title 18 United States Code Section 1114, which defines a designated person under Section 111, requires only that an officer 'assist' any officer or employee of the United States. There is no requirement in the statute of formal authorization, as the Court previously explained in rejecting the defendant's proposed revisions to the Court's criminal elements before trial." - 5/08/24 at 17. To the extent that such a requirement did exist, the Court found: "Contrary to Mr. Copeland's assertion, the Metropolitan Police Department officers were assisting the Capitol police officers who were engaged in their official duties on the West Front. As Sergeant Lively explained, upper command called MPD in when the riot was occurring on the west front. That's day 1 transcript at 137. And as the various videos from the west front confirm, the MPD officers were working arm in arm with the Capitol Police to protect the west front barricade before it fell. Secret Service Inspector Lanelle Hawa testified that the Secret Service, Capitol Police, and the MPD worked together on January 6 in anticipation of the Vice President's visit to the Capitol and together created the restricted perimeter that the police worked together to defend. Day 1 transcript at 13. Capitol Police Inspector Jessica Baboulis explained that at any time there's groups or demonstrations that cross different areas of the Capitol, the Metropolitan Police Department and Capitol Police have shared jurisdiction and thus communicate naturally. Day 1 transcript at 45." 05/08/24 at 16.

### D. No Substantial Error Warrants Vacating The Judgment Under Rule 33

The Defendant's motion under Rule 33 adopts the facts and arguments made in his Rule 29 motion, provides the legal standard, and concludes that "[b]ecause of the issues raised in the argument above, the Court must overturn the convictions and grant a new trial." ECF 98 at 1-2. The Defendant has shown no substantial error, and certainly no error so substantial that it affected his substantial rights. *Williamson*, 81 F. Supp. 3d at 89. As such, his motion should be denied.

### III. Conclusion

For all the foregoing reasons, the Government respectfully requests that the Court deny both of the Defendant's motions.

The Defendant has not, and cannot, meet the demanding standards under Rules 29 and 33 motion. The Government introduced sufficient evidence for a reasonable factfinder to conclude that he is guilty of Counts 1 (Civil Disorder), 2 (Assault on a Federal Officer with a Dangerous Weapon), 3 (Civil Disorder), 4 (Entering and Remaining on Restricted Grounds with a Dangerous Weapon), 5 (Disorderly Disruptive Conduct on Restricted Grounds with a Dangerous Weapon), 6 (Engaging in Physical Violence on Restricted Grounds with a Dangerous Weapon), 8 (Act of Physical Violence on Capitol Grounds) and 9 (Parading, Demonstrating Or Picketing In A Capitol Building), because he is in fact guilty.

//
//
//
//
//

The Government respectfully asks the Court to deny the Motion for Judgment of Acquittal in its entirety. Likewise, the Defendant has not shown that there was a substantial error that affected his rights, and the Government asks the Court to deny the Motion for a New Trial.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By:   /s/ *Alexandra F. Foster*
ALEXANDRA F. FOSTER
Assistant U.S. Attorney
D. C. Bar No. 470096
United States Attorney's Office
601 D Street NW
Washington, D.C. 20001
(619) 546-6735
Alexandra.Foster@usdoj.gov

KYLE R. MIRABELLI
Assistant United States Attorney
N.Y. Bar No. 5663166
601 D Street, N.W.
Washington, DC 20530
(202) 252-7884
Kyle.Mirabelli@usdoj.gov