UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cr-0224 (DLF) |
| | ) | |
| JONATHAN JOSEPH COPELAND | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S REPLY TO GOVERNMENT RESPONSE AT ECF NO. 101

Comes now the Defendant, JONATHAN JOSEPH COPELAND, by and through undersigned counsel, and Replies to the government's ECF No. 101 omnibus Response (the "Response") to his Motions at ECF No. 97 ("Rule 29 Motion" for Acquittal post-verdict), and ECF No. 98 ('Rule 33 Motion" for a new trial). Mr. Copeland requests that the Court grant his ECF No. 97 - 98 Motions, and Replies with an added request that the Court allow him to reserve the right with subsequent leave of the Court to supplement this Reply as applicable for further detail, when the overdue official trial transcripts have been completed. He supports this Reply as follows:

In its decision based upon an unopposed motion for a continuance, Mr. Copeland's sentencing is now scheduled for November 22, 2024.

The Response is a weak compilation similar to the false narrative and dissembling that we witnessed at trial and especially in its closing remarks. The Response did not address key points made in Mr. Copeland's Rule 29 and Rule 33 Motions that support this Court overturning the verdict of conviction or at a minimum ordering a new trial. Mr. Copeland will highlight a few notable points while requesting that this Court grant his request in his Rule 29 motion as its priority.

The government falsely alleged in its Response (Section C. i. at 5 that Mr. Copeland did not claim that the government failed to prove a specific element. The argument that he made in his

closing and in his Rule 29 Motion was that the government did not prove intent for all elements for every crime, and his Rule 29 summary argument (incorporated into his Rule 33 Motion) included:

> Mr. Copeland should be acquitted for Counts 1, 2, 3, 4, 5, 6, 8, and 9 in the Indictment at ECF No. 29 because of Brady violations by the government, due process violations, misapplication of the statutes, and <u>because the prosecution failed to present sufficient proof from which any rational juror could conclude beyond a reasonable doubt that Mr. Copeland was guilty for every element of the criminal elements for each count as held by the Court</u>.

Mr. Copeland stands by the assertion that in addition to his other reasons for the Rule 29 and Rule 33 Motions, the government did not meet its requirement of proving him guilty of every element of the crimes for which he was convicted. The government created an unjust narration of what it wanted the finder of fact to accept despite its narration being unsupported by facts and evidence. When the transcripts are available, it will be clearer that the verdict copied the government's non-evidentiary, closing argument that was unsupported by evidence while in its Response the government circles back to copying the language from the verdict. How else can the government be referring to non-existent official transcript pages at this time?

The government misses the legal argument and law regarding use of transcripts during deliberation by the trier of fact. The Motions addressed the law, with the standard that the transcripts must be shown to the parties, and reviewed by the parties, with allowances for objections. The transcript issue is cause for dismissal under Rule 29 and for a mistrial.

The government falsely asserts there was any, let alone *an official transcript* prior to May 8, 2024. As of this filing, there still is no official transcript for the trial. Curiously, the government Response cites to a non-existent transcript. Response at 5-6. The official transcript for the April 29, 2024 trial day was provided just days ago. The April 30 - May 1, 2024 official trial transcripts have not yet been completed according to the court reporter. That is why for the most relevant

points made in the Motions and in this Reply, there can be no cite to the transcript. The busy Court reporter has been unable to complete what she called a "backlog" even though the transcripts were ordered over thirty days ago.

Mr. Copeland did not assault any officer, whether they were legally or illegally on the U.S. Capitol grounds. The government has never provided any legal argument to counter that the MPD officers were not federal officers and that they were not assisting any specific USCP officer as shown by video. The MPD officers formed their own line, under their MPD leadership in the white shirt. That leader (LT Bagshaw - whom the government announced on the day scheduled - April 30, 2024 - to not have him testify) can be seen using excessive force by spraying heavy doses of OC liquid on unarmed protestors who were over 6 feet away lying helpless on the ground. The government provided no legal authority to prove that the federal offense charges for 18 U.S.C. Section 231(a)(3) Civil Disorder and Section 111(a) -(b) were proper federal charges. The MPD were not legally on the Capitol grounds and by violating 2 U.S.C. and their published general orders while using and not reporting excessive force cannot have been conducting official duties or being considered "law enforcement." The MPD would be guilty of Section 1752 since they were lacking a U.S. Capitol Police Board request under 2 U.S.C. Section 1961.

The MPD officers who were ordered to pull the billboard sign over the bike racks cannot be claimed to have been conducting official duties when using excessive force and being illegally on the U.S. Capitol grounds. However, Mr. Copeland was convicted of the federal crime 18 U.S.C. Section 111(a) and (b) for allegedly assaulting unnamed and unknown MPD officers with a billboard sign that he did not direct into police or control. The government narrated intent in its closing but never showed any intent or knowing action. No reasonable jury or trier of fact outside of the U.S. District Court in D.C. would acceptingly lap up the government's unsupported

3

narrations as happened in Mr. Copeland's trial. Nothing was shown to lead to a verdict of guilty beyond a reasonable doubt. That the trier or fact was examining the government's exhibits prior to the trial - as shown by the email request involving former defense counsel and the government asking for time stamps of the billboard sign event - is cause for overturning the verdict. The government did not show the sign before or when it was turned onto its side, yet it narrated this in its closing (facts not in evidence) and the Court mimicked this narration in the verdict.

     Mr. Copeland did not assault or commit an act of violence on police or on the reporter. He is not claiming that he is innocent because of others culpability. Response at 5. He rightfully claims that the government hid those who committed acts with criminal intent when Mr. Copeland just happened to be nearby - with no criminal intent or act.

     It is absurd that the government suggests that it did not commit a Brady violation because there was public domain video and documents. By the government's standard, every defendant can be denied the material that the government knows it has that shows others who are responsible and allows for impeachment because that material is somewhere else on earth besides directly under government control and possession. The government has an entire FBI and a team known as "the Capitol Siege Discovery Unit" to compile evidence. That unit decides when to place material into the data bases and rarely marks or tags the data where it is discoverable. There are over seven TBs of data in the Relativity data base and thousands of videos in the Evidence.com data base. None of the defense-facing data bases are meta-tagged in a way that finding pleas, verdicts, video, and documents would disclose what the government knew it had in its possession and deliberately failed to provide regarding the assault on the AP reporter and movement of the large sign.

     The government is renowned for its tactic of cherry-picking what it presents in court. the DOJ is distrusted by the majority of Americans for staging its evidence to create unfair prejudice.

4

See Mar-a-Lago propaganda staging of classified document covers scattered on the floor. Because of the DOJs failure to provide Brady material, Mr. Copeland never had a chance to overcome the absolute bias created against him, starting with his former attorney telling this Court that he had ever been given his discovery. The Court had already been viewing the government's exhibit videos. Mr. Copeland was never given a fair chance where the Brady material would at least allowed him to show a truer picture.

It is an absolute Brady violation in regard to the reporter because the evidence not provided does in fact exculpate Mr. Copeland. The video and pictures shown by the government did not show Mr. Copeland pushing the reporter off the ledge no matter how much the government stomps its feet now. The video and pictures the government hid from the Defense and Court showed specific individuals who chased and violently assaulted the reporter multiple times starting on steps where Mr. Copeland was not located. The government introduced false narration and edited video to prejudice the Court. It is the government that lacks credibility and not Mr. Copeland.

The government cannot within the law claim that the Defense is supposed to and is capable of searching the entire world of video and documents. The government knew it had materials that could be exculpatory and used for impeachment purposes when it comes to reasonable doubt if not truthful justice. The government has no credibility at all.

The government's argument that the evidence has to be exculpatory is deliberately specious. Response at 7. It is the government's responsibility to turn over any and all material in its possession that is exculpatory, can be used for impeachment, or can lead to further evidence. The government deliberately hid the guilty pleas, video, and documents for those who directed the sign and for those who assaulted the AP reporter.

5

As to the alleged violence against the AP reporter, the government did not show an act of violence by Mr. Copeland, which is specifically defined under 40 U.S.C. Section 5104 as: "(1) any act involving (A) an assault or other infliction or threat of infliction of death or bodily harm on an individual. . . ." Even in its Response the government refers to arguable "pushing" on video and merely words that were to a group. Mr. Copeland credibly testified despite the government's false narrative that prejudiced him given knowing, hidden Brady material. The FBI agent showed her bias when she answered that she believed everyone who entered the Capitol grounds was guilty. With the backdrop that the DOJ and its FBI had access to and had in their holdings the material that should have been provided to the defense, the FBI agent's testimony was elicited and designed to convict based on prejudice rather than facts to ensure justice was served.

18 U.S.C. Section 231(a)(3) was unconstitutionally applied as the Court separated the requirement that any interference, impeding, obstructing, or assault be directly linked to officers who were responding by their mission to clear an obstruction to commerce or a federal function. Congress cannot legislate to create federal crimes that are not under its Constitutional authority. Yes, the Civil Disorder crime is being unconstitutionally used as a tautology

## CONCLUSION

Because the verdict of conviction is a travesty of justice, this Court should overturn its verdict in the interests of fairness and justice.

WHEREFORE, Mr. Copeland maintains his position as provided in his motions and this Court should grant his requested relief of acquittal or a new trial, and allow supplementation if he sees applicable cites when the late trial transcripts are provided.

|  |  |
|---|---|
| Dated July 19, 2024 | Respectfully submitted, |
|  | /s/ *Carolyn A. Stewart* |
|  | Carolyn A. Stewart, D.D.C. Bar No. FL-0098 |
|  | Defense Attorney |
|  | Stewart Country Law PA |
|  | 1204 Swilley Rd. |
|  | Plant City, FL 33567 |
|  | Tel: (813) 659-5178 |
|  | Email: Carolstewart_esq@protonmail.com |

**CERTIFICATE OF SERVICE**

I hereby certify on the 19th day of July 2024, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ *Carolyn A. Stewart*
Carolyn A. Stewart, Esq.