# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| *v.* ) | Case No. 1:23-cr-0224 (DLF) |
| ) | |
| JONATHAN JOSEPH COPELAND ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S UNOPPOSED MOTION TO CONTINUE SENTENCING

Comes now the Defendant, JONATHAN JOSEPH COPELAND, by and through undersigned counsel, and respectfully moves this Court pursuant to local rules to vacate his scheduled sentencing date of November 22, 2024. He requests that given the Court's trial calendar, that the Court direct the clerk to coordinate a sentencing date among the parties for the period of February 7, 2025, or February 27-28, 2025. The Government does not oppose this motion to continue sentencing given counsel's unforeseeable medical health emergency (details filed under seal) and Mr. Sabatini's unavailability on November 22, 2024. Mr. Copeland provides the following in support:

Mr. Copeland's bench trial was held on April 29, 2024, through May 1, 2024. The Court delivered its verdict on May 8, 2024. Mr. Copeland was incarcerated on May 8, 2024.

Mr. Copeland's originally scheduled sentencing date was continued because the D.C. jail failed to produce him multiple times for the Probation Services Agency's (PSA) Presentencing Investigative Report (PSR) interview. Both the PSR investigator and the undersigned had to meet with Mr. Copeland at the courthouse on August 7, 2024. Given the delay caused by the D.C. jail, Mr. Copeland's PSR was not available until September 30, 2024. The Court continued the sentencing date to November 22, 2024, to allow for parties' schedules, the PSR delivery, objection

timelines, and sentencing memoranda. The continuance was not due to fault or delay by any party in this case.

Mr. Copeland received a continuance for his sentencing memorandum first due to Florida's impending Hurricane Milton, and then because the undersigned lead counsel was hospitalized with a life-threatening condition from October 11-17, 2024. Although there is a second counsel, the delegation of duties placed the undersigned as responsible for the sentencing. The undersigned was the counsel who traveled and met for the PSR interview in D.C. and was working on the sentencing memorandum in consultation with Mr. Copeland. Attorney Sabatini was called to military active duty for hurricane response and was unavailable to get up to speed and prepare the sentencing memorandum, or to meet and consult with Mr. Copeland through October.

Through no fault or design of her own, the undersigned was admitted to the hospital Critical Care Unit during October 11-17, 2024, for a serious medical emergency. A restricted/sealed filing is separately provided to the Court. Medical explanation was previously provided to the government. Her primary care doctor's letter advises against travel outside her primary care provider and specialist network from November through December 2024, with any travel in January 2025 to be only for essential reasons and for a very short period. This medical situation was unforeseeable; not due to any fault, negligence or action by the undersigned; and the request here is not dilatory or meant to delay proceedings. The undersigned is also currently coordinating to reschedule a mid-December 2024 trial to early February 2025, and a mid-January 2025 trial to a later date.

Mr. Sabatini was elected to a county commission seat in Florida and is obligated to attend a commission hearing on the evening of November 21, 2024. He cannot travel from Florida to Washington, D.C. for the scheduled sentencing on November 22, 2024. Further, due to other trials,

hearings, and sentencings previously scheduled, and the attorney delegation of duties in this case – as well as Mr. Copeland's preference, the undersigned was responsible for all sentencing duties. The requested dates herein for sentencing reflect the expected availability of the undersigned for those reasons. If the Court insists that Mr. Sabatini serve as a stand-in, then he will need time to prepare and coordinate with Mr. Copeland. As such, given his Florida and D.C. court commitments, and Florida commission duties already scheduled, the earliest he can be prepared and available is during the period of January 27-31, 2025. Were the Court to prefer this period, the undersigned requests a hybrid proceeding where she may participate via Zoom. The Court may note that the undersigned is in a recovery period where daily work is limited and there is a physical recovery time that impacts work effectiveness. Continuing the sentencing to a date when counsel can travel without an increased threat to health ensure will also ensure effective assistance of counsel.

    The chain of events that led to the first continuance of sentencing to the date of November 22, 2024, was due to the D.C. jail's failure, with no fault by Mr. Copeland, his counsel, the government, or the PSA. Although the Court said in its October 24, 2024, Minute Order that it "will not grant further extension of time, nor will it continue the defendant's sentencing," and "Co-counsel must be prepared to step in and handle the sentencing hearing in the event lead-counsel is unavailable" these are exceptional circumstances where neither counsel is available on November 22, 2024, and the undersigned is Mr. Copeland's selection who was performing as lead for the sentencing. The PSR objections and sentencing memorandum were timely delivered, as will be a response by the undersigned to the government's sentencing memorandum.

## CONCLUSION

Wherefore, for good cause shown and any reasons the Court sees fit, including the health and safety of the undersigned, and effective assistance of counsel where a sentencing date continuance is in the interests of justice where the defendant can proceed with his current attorney who has been working his sentencing matter, the Court should issue the proposed Order granting this motion, with the clerk to coordinate a date for sentencing based on availability of the Court and parties on February 7, 2025 or February 27-28, 2025 given that the undersigned is coordinating to already be in D.C. for a trial and another sentencing on those dates, and where this will minimize travel exposure that can negatively impact health. Alternatively, a sentencing date using a hybrid Zoom where co-counsel may be in the courtroom and the undersigned can participate remotely during the period of January 28-31, 2025, may be a consideration.

Dated November 12, 2024        Respectfully submitted,

/s/ *Carolyn A. Stewart*
Carolyn A. Stewart, D.D.C. Bar No. FL-0098
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Tel: (813) 659-5178
Email: Carolstewart_esq@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify on the 12th day of November 2024, a copy of the foregoing was served upon all parties via email since the Electronic Case Filing (ECF) System.

/s/ *Carolyn A. Stewart*
Carolyn A. Stewart, Esq.