UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:23-cr-0224 (DLF) |
| ) | |
| JONATHAN JOSEPH COPELAND ) | |
| ) | |
| Defendant. ) | |

**MOTION FOR LEAVE TO FILE APPEAL IN FORMA PAUPERIS**
**RE: ECF NO. 132 AND 133**

Now comes JONATHAN COPELAND, by and through undersigned counsel, to hereby respectfully request leave pursuant to 28 U.S.C. § 1915 to prosecute his appeal *in forma pauperis*, without payment of a filing fee and other costs, where he already has a pro bono attorney. In support thereof, Mr. Copeland states as follows:

**I.   INTRODUCTION AND FACTS:**

Mr. Copeland filed a timely Notice of Appeal (ECF No. 132) on December 26, 2024, with a note that the *in forma pauperis* filing would follow. On December 27, 2024, the Court transmitted the Notice and the docket sheet with a docket note that said, "The fee remains to be paid and another notice will be transmitted when the fee has been paid in the District Court or motion to proceed *In Forma Pauperis* has been decided." ECF No. 133.

On January 19, 2024, Mr. Copeland was required by the Court to submit a financial affidavit so that the Court could seek out an appointed public defender. He provided the required affidavit, and his former attorney said he submitted it to the Court on January 20, 2024, so the Court could obtain a legal representative who could meet a February 2024 trial date. Mr. Copeland's January 2024 affidavit showed that he met eligibility requirements for *in forma pauperis* status.

Mr. Copeland's economic position has only changed for the worse since he was stepped back upon conviction on May 8, 2024. He was incarcerated in the D.C. Detention Facility until moved to the Philadelphia FDC two days after his December 2, 2024, sentencing, prior to the written sentencing order even being issued. He remains temporarily imprisoned at FDC Philadelphia with extremely limited communications given groups who control phone access, and without timely mail delivery, even from his attorney. He authorized the undersigned pro bono attorney to use the information as provided by him to again show his inability to pay any costs. The financial affidavit (with issues for appeal as required) is attached at Exhibit 1.

II.   **LEGAL STANDARD:**

"Statutory provision for litigation *in forma pauperis* in the federal courts is made by 28 U. S. C. § 1915, authorizing 'any court of the United States' to allow indigent persons to prosecute, defend or appeal suits without prepayment of costs." *Coppedge v. United States*, 369 U.S. 438, 441 (1962).

> **(a)(1)** Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C.S. § 1915 (Lexis Advance through Public Law 118-151, approved December 17, 2024).

For transcripts and filing fees if a defendant "is unable to meet . . . expenses, he can perfect his appeal only by applying for leave to appeal *in forma pauperis* . . . [under] the requirements of 28 U. S. C. § 1915." *Coppedge*, 369 U.S. 438, at 444.

Essentially, an *in forma pauperis* direct appeal from a conviction "can no longer be denied by the District Court or this court except on the same basis as in paid appeals. [See] *Coppedge* 369

U.S. 438. Hence no evaluation of the merits of an appeal can be read into the action of a District Judge in granting an appeal in forma pauperis." *Pannell v. United States*, 115 U.S. App. D.C. 379 (1963). "The Supreme Court has made clear that the guiding principle governing indigent appeals in the federal courts . . . is equality of treatment with paid appeals." *Tate v. United States*, 123 U.S. App. D.C. 261 (1966) (referencing *Coppedge* at 446-447).

**III.   ARGUMENT:**

Mr. Copeland meets the requirements for the filing fee and costs to be waived because his financial affidavit and good faith belief in the issues he intends to present for appeal meet the statutory requirements of 28 U.S.C.S. § 1915.

He stated substantial issues of law for appeal that are not frivolous. The issues in the filing form (Exhibit 1) for leave to appeal in forma pauperis are "not intended to be, nor are they rightly considered as, full appellate briefs." *Coppedge v. United States*, 369 U.S. 438, 453 (1962). He is not required to argue merits as if in a brief and has shown as required that his appeal is in good faith and not frivolous. Just as a paid appeal would go forward, so should Mr. Copeland's appeal as a fundamental right. "Justice demands an independent and objective assessment of a district judge's appraisal of his own conduct of a criminal trial. Anything less would impose a disability upon indigent defendants far greater than that contemplated by the preliminary screening provision which § 1915 permits." *Id.* at 455-56. Because he should be afforded the same ability to appeal as those who can pay given presentation by him of good faith legal issues, Mr. Copeland should not be denied *in forma pauperis* status.

Mr. Copeland has no money to pay any fees or costs. He is in prison, with no savings, while dependent on others' monthly donations just to be able to make phone calls and purchase necessary items given a diet not suitable for pets and not enough prison clothing issued to allow for weekly

3

laundry service exchange. He has yet to be assigned to his federal prison as the Bureau of Prisons reviews his record and forms a decision. Because of this, he cannot be placed in any work program where he might earn minimal pay, such as under $1 per hour. As such, he will not be able to earn money that could be applied to his appeal, in addition to the $620. assessment issued by the Court.

### IV.   CONCLUSION

Because he meets the requirements by statute and binding caselaw, Mr. Copeland respectfully requests that this Court authorize him to pursue his appeal *in forma pauperis*, without payment of the requisite filing fee and other expenses.

WHEREFORE, for all the above reasons and any others the Court sees fit; to include for the ends of justice, this Court should issue the attached proposed Order authorizing the waiver of the filing fee and other costs, and authorize Mr. Copeland to pursue his appeal *in forma pauperis* under 28 U.S.C. § 1915.

Dated December 27, 2024                    Respectfully submitted,

/s/ *Carolyn A. Stewart*
Carolyn A. Stewart, D.D.C. Bar No. FL-0098
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Tel: (813) 659-5178
Email: Carolstewart_esq@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify on the 27th day of December 2024, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ *Carolyn A. Stewart*
Carolyn A. Stewart, Esq.